## MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. P.C.
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GLENN D. POMERANTZ
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
STUART N. SENATOR
KELLY M. KLAUS
LISA J. DEMSKY
MALCOLM A. HEINICKE
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
CAROLYN HOECKER LUEDTKE
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG P.C.
GINGER D. ANDERS P.C.
JOHN M. GILDERSLEEVE
ADAM B. WEISS
ACHYUT J. PHADKE
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER
JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
JONATHAN KRAVIS P.C.

JOHN L. SCHWAB
L. ASHLEY AULL
WESLEY T.L. BURRELL
CRAIG JENNINGS LAVOIE
JENNIFER L. BRYANT
NICHOLAS D. FRAM
VINCENT Y. LING
VICTORIA A. DEGTYAREVA
JOHN B. MAJOR
RACHEL G. MILLER-ZIEGLER P.C.
FAYE PAUL TELLER
STEPHANIE G. HERRERA
JULIANA M. YEE
COLIN A. DEVINE
GIOVANNI S. SAARMAN GONZÁLEZ
ANNE K. CONLEY
DAVID W. MORESHEAD
ANDREW D. GARELICK
BRIDGET M. FITZPATRICK
ANDREW T. RADSCH
DANE P. SHIKMAN
JEREMY S. KREISBERG
XIAONAN APRIL HU
NICOLE M. HOWELL
SKYLAR B. GROVE
SAMUEL H. ALLEN
ROWLEY J. RICE
LAUREN E. ROSS
BENJAMIN G. BAROKH
ABE DYK
MEGAN MCCREADIE
RAQUEL E. DOMINGUEZ
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
CARRIE C. LITTEN
JAMES R. SALZMANN
SEAN P. BARRY
MICHAEL I. SELVIN
HUNTER V. ARMOUR
NATHANIEL F. SUSSMAN
OLIVER BROWN
MATTHEW MIYAMOTO
BRIAN R. BOESSENECKER
ROBERT E. BOWEN
GRACE DAVIS FISHER
LAUREN N. BECK
CALEB W. PEIFFER
JAMIE LUMA
STEVEN B. R. LEVICK
JANELLE KRUMMEN

WILLIAM M. ORR
GABRIEL M. BRONSHTEYN
ROSIO FLORES ARRIAGA
JESSICA O. LAIRD
ERICA C. TOOCH
SARAH E. WEINER
EVAN MANN
ANDREW T. NGUYEN
SARA H. WORTH
MIRANDA E. REHAUT
STEPHANY REAVES
LAUREN E. KUHN
GARRETT SOLBERG
TED KANG
ADAM W. KWON
JOSEPH N. GLYNN
SIMON K. ZHEN
CARSON J. SCOTT
ROMAN LEAL
MATTHEW W. LINSLEY
ADEEL MOHAMMADI
TAYLOR L. BENNINGER
LORRAINE L. ABDULAHAD
CLARE KANE
SIDNEY M. EISNER
HELEN ELIZABETH WHITE
ALISON A. DOYLE
JASON D. WEISS
HENRY D. SHREFFLER
MILES W. UNTERREINER
LYNDSEY FRANKLIN
ANDREW DELAPLANE
ARIELLA PARK
LAURA PERRY STONE
JOSEPH MANTEGANI
GRAHAM J. WYATT
WESLEY P. DEVOLL
LAUREN A. BILOW
ALEXIS D. CAMPBELL
KYRA E. SCHOONOVER
WENDY Q. XIAO
DANIEL KANE
ADITI NARESH GHATLIA
ALBERTO J. DE DIEGO-HABEL
KYLE A. SCHNEIDER
CARL H. JIANG
BOBBY H. KIM
CLAIRE I. ROGERSON
LIAM GENNARI
CHARLES LAM
MAGGIE BUSHELL

REBECCA J. HANSEN
CONNOR HOGE
KEVIN HAN YANG
CORDELL A. BROWN
QIANZHE DANNY ZHANG
KYLE A. GROVES
ESTHENA BARLOW
CY EMEKA RAY
SUSANNAH M. L. GAGNON
DANIEL E. RUBIN
JIN NIU
SHUYU SUN
REBECCA M. HO
SASHA YUSUF
KEVIN CHIU
NICOLE R. ALLICOCK
SHANNON E. EAGEN
KAITLYN R. RUBCICH
JAKE TODD
ANGELA A. URIBE
ANDREW J. SLOTTJE
CYNTHIA Y. LONG
GRACE I. REHAUT
JOSEPH TROY YOUNG
SEAN ST. CHARLES
ANDREW L. FENNING
ANASTASIA THATCHER
JANNET E. GOMEZ
JACOB M. GHANDOUR
SAHIL A. ALIM
CLAREANNE R. GOSCHKE
ABIGAIL H. SHIM

_____

OF COUNSEL
KATHLEEN M. MCDOWELL
PATRICK J. CAFFERTY, JR.
DAVID H. FRY
BRADLEY R. SCHNEIDER
PETER E. GRATZINGER
ADAM R. LAWTON
SARAH J. COLE
ALLISON M. DAY
TERESA A. REED DIPPO
DAVID T. RYAN
LAURA M. LOPEZ

_____

SEE MTO.COM FOR
JURISDICTIONS OF ADMISSION

350 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3426

TELEPHONE (213) 683-9100

_____

560 MISSION STREET

SAN FRANCISCO, CALIFORNIA 94105-3089

TELEPHONE (415) 512-4000

_____

601 MASSACHUSETTS AVENUE NW

SUITE 500E

WASHINGTON, D.C. 20001-5369

TELEPHONE (202) 220-1100

April 14, 2026

Writer's Direct Contact
(213) 683-9292
(213) 593-2892 FAX
bethany.kristovich@mto.com

**VIA ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *In re: ByHeart, Inc., Infant Formula Marketing, Sales Practices, and Products Liability Litigation*, Case No. 1:26-md-03178-AS

Dear Judge Subramanian:

We are writing on behalf of Defendant ByHeart, Inc. and Plaintiffs in the underlying action in response to the letter filed by Dairy Farmers of America, Inc. (DFA) on April 14, 2026 (ECF No. 4), requesting partial reconsideration of the Court's April 13, 2026 Order requiring DFA to produce dry milk powder samples on or before April 20, 2026 (ECF No. 3). DFA's letter raises no new arguments or evidence warranting reconsideration. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."). The arguments DFA advances regarding the anticipated testing, owner consent, and product volume have already been briefed—at length. The request should be denied.

DFA's assertion that ByHeart filed its April 10 letter "without notifying DFA in advance" and that DFA lacked adequate time to respond is incorrect. This matter has been fully briefed since February 20, 2026, and DFA has in fact submitted more pages to the trial court on

MUNGER, TOLLES & OLSON LLP

Hon. Arun Subramanian
April 14, 2026
Page 2

these issues than is ordinarily allowed.  *See* D. Nev. Civ. R. 7-3.  The Texas court specifically denied the Motion to Compel without prejudice to it being brought once Plaintiffs' consolidation motion was decided.  DFA has had every opportunity to present its arguments to the Court, and nothing in its April 14 letter raises any argument regarding the propriety of ByHeart's requests that has not already been considered and now rejected by multiple courts.

DFA further contends that the parties should be required to "meet and confer" and "agree upon an appropriate testing laboratory and protocol" before any samples are produced.  What DFA fails to mention—but what the Parties are sure the Court has now gleaned from the briefing submitted—is that ByHeart has been attempting to engage DFA on the issue of testing since December.  For the past five months, DFA has been well aware that ByHeart proposed IEH—a well-respected leader in the field of food safety testing—as the testing laboratory for the samples it sought.  Despite repeated efforts by ByHeart to reach an agreed-upon protocol, DFA steadfastly refused to engage in substantive discussions regarding a protocol for the proposed testing.  DFA's claim that IEH "is not accredited to perform the test ByHeart plans to commission" is a familiar refrain that DFA has deployed at every turn to avoid producing the samples.  But the testing ByHeart proposes is the *same* testing performed at the *same* laboratory that has been publicly reported and approved by the FDA—DFA cites no reason why testing deemed sufficient for the FDA to rely on is not sufficient for DFA.[1]  The Court should not permit DFA to use this recycled objection to IEH or the proposed testing as a basis to set aside the April 13 Order.

DFA's disagreement over testing methods is not a basis to refuse to comply with a properly served subpoena let alone deny the collection of samples pursuant to the Court's April 13 Order, which addressed the narrow issue of production.  The Parties remain ready and willing to engage on questions of testing methodology.  Indeed, ByHeart and the Plaintiffs in the underlying action have already agreed on a testing protocol, which is attached hereto for the Court's reference as Exhibit K, and ByHeart has shared that protocol with counsel for DFA and Organic West.  That the Plaintiffs in the underlying action agree with the proposed testing and the FDA itself has relied on it demonstrate that this is not a reasonable basis upon which to prevent production.  ByHeart is prepared to pick up the requested samples by the Court's April 20, 2026 deadline.

Finally, DFA's contention that ByHeart seeks to "commandeer a substantial portion of limited-quantity Organic West product" is inaccurate.  As the Court has no doubt seen in the record, DFA has confirmed that it will have ample product remaining even after ByHeart's collection of the requested materials.  *See* Ex. A [Laird Decl. in Support of ByHeart's

---

[1] Contrary to DFA's suggestion that IEH performs *C. bot* testing that deviates from accepted methodologies, ByHeart has repeatedly told DFA that IEH uses the PCR methodology set forth in FDA's Bacteriological Analytical Manual (www.fda.gov/media/183343/download?attachment), as well as ISO 17919 PCR method.

MUNGER, TOLLES & OLSON LLP

Hon. Arun Subramanian
April 14, 2026
Page 3

Emergency Mot. to Compel, *ByHeart, Inc. v. Dairy Farmers of America, Inc.*, No. 2:26-cv-00250-JCM-BNW, at ¶¶ 25, 30 (D. Nev. Jan. 30, 2026)]. And as DFA has itself informed ByHeart, the FDA has completed its inspection of their Fallon facility and collection of any samples. There is no basis for DFA's suggestion that production of the requested samples will deprive DFA or any other party of the ability to conduct its own testing in the future. Ensuring that the type of testing sought here can be performed is precisely the reason why suppliers are required to maintain product samples—and certainly why ByHeart required its suppliers to do so. DFA will undoubtedly object to any testing protocol ByHeart and Plaintiffs agree upon given their commitment to obstruction; however, the Parties should not have to overcome those objections to obtain compliance with a properly served subpoena when DFA can perform its own testing on the remaining product.

In sum, DFA marshals no new arguments or evidence that would require the Court to set aside its April 13 ruling. Every substantive argument in DFA's April 14 letter has been previously raised. The requested samples are critical to the ongoing mediation efforts of the personal injury plaintiffs, ByHeart, Organic West, the retailers, and the economic loss plaintiffs. DFA has refused to engage in that mediation, and its continued efforts to stonewall the resolution of this matter for all other parties is yet another delay tactic that should not be rewarded. The case in which the subpoena issued has already been transferred to this Court and further delay is not warranted. ByHeart and the Plaintiffs in the underlying action therefore respectfully request that the Court deny DFA's request for reconsideration and enforce the April 13 Order as entered.

Respectfully,

MUNGER, TOLLES & OLSON LLP

Bethany W. Kristovich
*Counsel for ByHeart, Inc.*

MARLER CLARK, INC., PS

*/s/ William D. Marler*

William D. Marler
*Counsel for Plaintiffs in* Joseph, et al. v.
ByHeart, et al.