# In Re Botulism Infant Formula MDL

April 20, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007-1312

> RE: IN RE: BYHEART, INC., INFANT FORMULA MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION, CASE NO. 1:26-MD-03178-AS

Dear Judge Subramanian:

Pursuant to Case Management Order No. 1, the parties jointly submit the following letter.

## I.    SUMMARY OF MEMBER CASES

Nineteen actions are currently subject to the Transfer Order of the Judicial Panel on Multidistrict Litigation. These cases fall into two general categories: (1) personal injury actions alleging injury following consumption of ByHeart powdered infant formula, and (2) economic loss actions arising from the recall of that product. Nine of the actions assert personal injury claims, and ten assert economic loss claims. A summary of all nineteen member cases is attached hereto as **Attachment A**.

In addition to the filed actions, Personal Injury Plaintiffs identify twenty-two potential unfiled personal injury claims, which are also listed in **Attachment A**. Of note, the Centers for Disease Control and Prevention (CDC) has determined that forty-eight infants developed botulism poisoning after consuming ByHeart infant formula.[1]

Personal Injury Plaintiffs propose inclusion of these cases within this Multidistrict Litigation ("MDL"). ByHeart is agreeable to all filed actions being included in the MDL but believes that unfiled or hypothetical claims cannot be included in the MDL absent filing and/or transfer through appropriate procedures. ByHeart is willing to evaluate such claims if and when filed and, where appropriate, agreeing to transfer. The parties anticipate filing a separate letter to the Court concerning the process for direct filing of cases in these proceedings.

ByHeart is named as a defendant in all actions. Dairy Farmers of America, Organic West, and various retailers (currently, Amazon.com, Inc., Mrs. Gooch's Natural Food Markets, Inc. (dba Whole Foods Market), Target Corporation, and Walmart, Inc., collectively, "the Retailers") have been named defendants in some, but not all personal injury cases to date. Dairy Farmers of America ("DFA") is currently named in three cases, and a motion for leave to amend to add DFA as a defendant is pending in a fourth case (see discussion of *Fury* case below). Economic loss

---

[1] *See* Ctrs. for Disease Control & Prevention, *Infant Botulism Outbreak Linked to Infant Formula, November 2025* (Mar. 5, 2026), https://www.cdc.gov/botulism/outbreaks-investigations/infant-formula-nov-2025/index.html.

Hon. Arun Subramanian
April 20, 2026
Page 2 of 21

claimants have indicated that they intend to add Dairy Farmers of America and Organic West as parties.

## II.   PROPOSED NEXT STEPS AND CASE SCHEDULE

### A.   Pleadings

The parties are engaged in mediation before Thomas Perrelli, and the first session was held on March 16, 2026.  The parties remain focused on continuing to make progress toward resolution and believe the most productive course is to prioritize mediation over the next 90 days, with a further status conference at that time.

ByHeart's next response deadline is currently set for April 23, 2026.  The parties anticipate consolidated and/or amended pleadings, as described below.  The parties respectfully request that the Court enter an order prior to April 23, 2026, staying Defendants' response deadlines to all pending complaints in the MDL until a schedule is set for filing of amended or master complaints and Defendants' responses to such complaints.

#### 1.   Personal Injury Cases

Defendants obtained extensions to respond to the personal injury complaints pending a decision on Plaintiffs' Motion to Transfer and Centralize, with the exception of the *Fury* case. There, Defendants ByHeart and Walmart separately filed Motions to Dismiss, which have been fully briefed.  The *Fury* Plaintiffs filed a Motion for Leave to Amend the Complaint before the pending Motions to Dismiss were resolved.

The Personal Injury Plaintiffs have not yet indicated whether they intend to file a master complaint and/or short form complaints.  In the interest of efficiency and coordination of responsive pleadings, and to avoid duplicative motion practice, Defendants request that the Personal Injury Plaintiffs be given a deadline to: (1) transfer any related pending cases into the MDL; (2) file any additional cases for plaintiffs they currently represent; (3) file any master complaint and/or short form complaint, as well as any amended complaints ("Plaintiffs' Amended Pleading Deadline"), with Defendants' deadline to file motions to dismiss being 90 days after Plaintiffs' Amended Pleading Deadline ("Defendants' Responsive Pleading Deadline").  Plaintiffs agree to identify all potential cases to facilitate resolution but objects to an accelerated filing deadline.

#### 2.   Economic Loss Cases

Each of the economic actions is based on the same core allegations—namely, that ByHeart marketed its infant formula products as safe while allegedly failing to disclose risks of contamination with *Clostridium botulinum*, and that consumers suffered economic injury as a result.  *See, e.g.*, *Breary* Compl. ¶¶ 2-3, 12; *Lugo* Compl. ¶¶ 1-2, 14-15; *Pilato* Compl. ¶¶ 1-3, 24-26; *Rachwal* Compl. ¶¶ 5-6, 16; *Sepulveda* Compl. ¶¶ 3, 9-10; *Valenzuela* Compl. ¶¶ 2-5; *Zetterstrom* Compl. ¶¶ 2-5.  ByHeart is the only defendant named in these cases.  The economic injury plaintiffs contemplate filing a consolidated complaint.  ByHeart would like to review a draft but has no objection to that proposal.  *See In re Gen. Motors LLC Ignition Switch Litig.,* No. 14-

Hon. Arun Subramanian
April 20, 2026
Page 3 of 21

MC-2543 JMF, 2015 WL 3619584, at *7 (S.D.N.Y. June 10, 2015) (consolidation is appropriate where actions involve common questions of law or fact).

### B.    Discovery

The parties have exchanged certain information in connection with ongoing mediation, including documentation from Plaintiffs and insurance information from ByHeart. The Court has also ordered DFA to produce documents and materials sought by the parties, which will assist in evaluating the claims and facilitating mediation.

The parties believe that the informal exchange of information in connection with the mediation is working and agree that discovery, other than with respect to the discovery the Court ordered DFA to produce in its April 10 and April 17 Orders, should be deferred to allow time for the mediation discussions to proceed and to preserve resources to be available for resolution. The parties suggest that this be revisited in 90 days or upon request of any party. Additional discovery will be stayed as to all parties that agree to participate in the mediation process.

As part of the mediation, ByHeart and Organic West have provided, on a confidential basis, its insurance information. DFA has agreed to produce its insurance information on a confidential basis. In addition, DFA and Organic West will provide, on the same confidential basis, the agreements between DFA and Organic West related to this matter. ByHeart further proposes that such materials be produced no later than April 27, 2026.

### C.    Case Schedule

The parties propose the following schedule:

- Two weeks after the initial case management conference in May ("May Hearing"), plaintiffs' counsel will propose a leadership structure for the MDL; it is anticipated that separate lead counsel will be proposed for the personal injury and economic loss cases.
- If the Personal Injury Plaintiffs and/or economic injury Plaintiffs wish to file a master complaint and/or short form complaint, as well as any amended complaints ("Plaintiffs' Amended Pleading Deadline"), they shall do so within 60 days of the Court's approval of a leadership structure.
- Plaintiffs shall promptly identify all known cases to Defendants for purposes of tagging and transferring into the MDL.
- Defendants' answers and/or responsive pleading, including motions raising arguments related to jurisdiction or defenses under Federal Rule of Civil Procedure 12, shall be due 90 days after Plaintiffs' Amended Pleading Deadline ("Defendants' Responsive Pleading Deadline"). If the Plaintiffs do not file a master complaint, the parties will meet and confer to determine a process for filing responsive pleadings to one or more a bellwether personal injury complaints.
- Plaintiffs' responses to any motions to dismiss (or other motions requiring a response from Plaintiffs) filed by Defendants shall be due 60 days after Defendants' Responsive Pleading Deadline ("Plaintiffs' Response Deadline").

56147936.3

3

Hon. Arun Subramanian
April 20, 2026
Page 4 of 21

- Defendants' replies to any motions to dismiss (or other motions requiring a reply from Defendants) shall be due 30 days after Plaintiffs' Response Deadline.
- To preserve the parties' resources, discovery against the Retailers shall not commence until after the Court has heard and ruled upon the Retailers' motions to dismiss, unless otherwise approved by the Court.
- Discovery—other than the exchange described above, the discovery the Court ordered DFA to produce in its April 10 and April 17 Orders, and any discovery arising from the Court's orders related to this joint statement—shall be deferred to allow mediation discussions to proceed. The parties propose to revisit the scope and timing of such discovery in 90 days, or earlier upon request of any party.
- To preserve the parties' resources, Defendants' obligation to answer or respond to individual complaints should be deferred for 90 days from the current response deadlines.

The parties also propose the scheduling of case status conferences subject to the Court's availability on an every other month basis beginning upon selection of lead counsel, or as the Court sees fit.

## III.    PROPOSED HEARING DATE

The parties are available for a hearing on May 4, 2026.

Respectfully submitted,

*Counsel for Personal Injury Plaintiffs:*

/s/ William D. Marler
William D. Marler
**MARLER CLARK, INC., PS**
180 Olympic Dr. SE
Bainbridge Island, WA 98110
206-346-1888
Email: bmarler@marlerclark.com

/s/Brendan J. Flaherty
Brendan J. Flaherty
Ryan Osterholm
**OFT LAW, PLLC**
800 LaSalle Ave., Suite 2260
Minneapolis, MN 55402
888-828-7087
Fax: 888-239-0559
Email: brendan@oftlaw.com
Email: ryan@oftlaw.com

56147936.3

Hon. Arun Subramanian
April 20, 2026
Page 5 of 21

/s/Travis Edward Venable
Travis Edward Venable
**THOMAS J. HENRY INJURY ATTORNEYS**
28010 Carmel Valley
Boerne, TX 78015
865-809-6216
Email: tvenable-svc@tjhlaw.com

/s/ James A. Sellers II
James A. Sellers II
**JOHNSON & TAYLOR**
1193 Liberty St. SE
Salem OR 97302
503-990-6641
Email: james@johnsontaylorlaw.com

/s/Amanda Mae Martin
Amanda Mae Martin
**DISPARTI LAW GROUP**
121 West Wacker
Suite 2300
Chicago, IL 60601
312-506-5511
Fax: 312-846-6363
Email: amartin@dispartilaw.com

/s/Fabrice N. Vincent
Fabrice N. Vincent
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
415-956-1000
Email: FVINCENT@lchb.com

/s/Daniel Edward Seltz
Daniel Edward Seltz
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
212-355-9500
Email: dseltz@lchb.com

*Counsel for Economic Loss Plaintiffs:*

/s/ Michael Robert Reese
Michael Robert Reese
**REESE LLP**
100 West 93rd Street
Ste 16th Floor
New York, NY 10025
212-594-5300
Email: mreese@reesellp.com

/s/Francesca K. Burn
Francesca K. Burne
Jean Sutton Martin
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ**
17 E. Main Street, Suite 200
Pensacola, FL 32502
850-202-1010
Email: fburne@awkolaw.com
Email: Jmartin@awkolaw.com

Hon. Arun Subramanian
April 20, 2026
Page 6 of 21

/s/Madeline Rose Sheffield
Madeline Rose Sheffield
**ISRAEL DAVID LLC**
17 State Street
Suite 4010
New York, NY 10004
585-230-1868
Email: madeline.sheffield@davidllc.com

/s/ Russell Busch
Russell Busch
**BRYSON HARRIS SUCIU & DeMAY PLLC**
11 Park Place
3rd Floor
New York, NY 10007 919-926-7948
Email: rbusch@brysonpllc.com

/s/Nick Suciu, III
Nick Suciu, III
**BRYSON HARRIS SUCIU & DEMAY PLLC**
6905 Telegraph Rd.
Suite 115
Bloomfield Hills, MI 48301
616-678-2180
Email: nsuciu@brysonpllc.com

/s/ Daniel Harris Markowitz
Daniel Harris Markowitz
Jason P. Sultzer
**SULTZER & LIPARI, PLLC**
85 Civic Center Plaza
Suite 200
Poughkeepsie, NY 12601
845-483-7100
Fax: 888-749-7747
Email:
markowitzd@thesultzerlawgroup.com
Email: sultzerj@thesultzerlawgroup.com

/s/ Brittany S. Scott
Brittany S. Scott
**SMITH KRIVOSHEY**
28 Geary Street
Suite 650 #1507
San Francisco, CA 94108
415-839-7000
Email: brittany@skclassactions.com

/s/ Michael Neal Pollack
Michael Neal Pollack
Mark Samuel Reich
**LEVI & KORSINSKY LLP**
33 Whitehall St
27th Floor
New York, NY 10004
201-294-1566
Email: mpollack@zlk.com
Email: mreich@zlk.com

56147936.3

6

Hon. Arun Subramanian
April 20, 2026
Page 7 of 21

/s/Shanon J. Carson
Shanon J. Carson
Jacob M. Polakoff
Justin D. Cole
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
215-875-3000
Email: scarson@bergermontague.com
Email: jpolakoff@bergermontague.com
Email: jcole@bergermontague.com

/s/Ariana B. Kiener
Ariana B. Kiener
Jordan C. Hughes
**BERGER MONTAGUE PC**
1229 Tyler Street, NE, Suite 205
Minneapolis, MN 55413
612-594-5999
Email: akiener@bergermontague.com
Email: jhughes@bergermontague.com

/s/ Zachary Arbitman
Zachary Arbitman
George Aloysius Donnelly , IV
Nicole Maruzzi
**FELDMAN SHEPHERD**
**WOHLGELERNTER TANNER**
**WEINSTOCK DODIG LLP**
1845 Walnut St
21st Floor
Philadelphia, PA 19103
215-567-8300
Fax: 215-567-8333
Email: zarbitman@feldmanshepherd.com
Email: gdonnelly@feldmanshepherd.com
Email: nmaruzzi@feldmanshepherd.com

/s/ Frederick John Klorczyk
Frederick John Klorczyk
**KAMBERLAW, LLC**
305 Broadway, Suite 713
New York, NY 10007
646-964-9604
Email: fklorczyk@kamberlaw.com

s/ Brett R. Cohen
Brett R. Cohen
**LEEDS BROWN LAW PC**
1 Old Country Road, Suite 347
Carle Place, NY 11514
516-873-9550
Fax: 516-747-5024
Email: bcohen@leedsbrownlaw.com

56147936.3

Hon. Arun Subramanian
April 20, 2026
Page 8 of 21

*Counsel for Defendant ByHeart, Inc.:*

/s/Bethany W. Kristovich
Bethany W. Kristovich
Daniel B. Levin
Juliana M. Yee
**MUNGER TOLLES & OLSON**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, CA 90071-3426
213-683-9100
Email: bethany.kristovich@mto.com
Email: daniel.levin@mto.com
Email: juliana.yee@mto.com

*Counsel for Defendant Walmart, Inc.:*

/s/Jeffrey A. Webb
Jeffrey A. Webb (pro hac vice forthcoming)
**NORTON ROSE FULBRIGHT US LLP**
111 West Houston Street
Ste 1800
San Antonio, TX 78205
210-270-7160
Fax: 210-270-7205
Email: jeff.webb@nortonrosefulbright.com

s/ Sedalia Jones-Kennelly
Sedalia Jones-Kennelly
**NORTON ROSE FULBRIGHT US LLP**
1301 Avenue of the Americas
New York, NY 10019-6022
212-318-3187
Email: sedalia.jones-kennelly@nortonrosefulbright.com

56147936.3

8

Hon. Arun Subramanian
April 20, 2026
Page 9 of 21

*Counsel for Defendant Target Corporation:*

_/s/Sarah L. Brew
Sarah L. Brew
Alyssa L. Rebensdorf
**FAEGRE DRINKER BIDDLE & REATH
LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
612-766-7470
Fax: 612-766-1600
Email: sarah.brew@faegredrinker.com
Email: alyssa.rebensdorf@faegredrinker.com

_/s/ Sara E. Inman
Sara E. Inman
**FAEGRE DRINKER BIDDLE & REATH
LLP**
2323 Ross Avenue, Ste. 1700
Dallas, TX 75201
469-357-2500
Fax: 469-357-0860
Email: sara.inman@faegredrinker.com

/s/ Whitney A.Thompson
Whitney A. Thompson
**FAEGRE DRINKER BIDDLE & REATH
LLP**
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
310-203-4000
Fax: 310-229-1285
Email:
whitney.thompson@faegredrinker.com

/s/Jessica R. Maziarz
Jessica R. Maziarz
**FAEGRE DRINKER BIDDLE & REATH
LLP**
1500 K Street NW, Suite 1100
Washington, D.C. 20005
202-842-8800
Fax: 202-842-8465
Email: jessica.maziarz@faegredrinker.com

*Counsel for Defendant Mrs. Gooch's Natural
Food Markets, Inc., and Amazon.com, Inc.:*

/s/ Kyle D. Cole
Kyle D. Cole
Brendan Murphy
**MORRISON FOERSTER**
12531 High Bluff Drive Suite 200
San Diego, CA 92130-2040
Email: kcole@mofo.com

56147936.3

9

Hon. Arun Subramanian
April 20, 2026
Page 10 of 21

*Sr. Corporate Counsel for Whole Foods:*

/s/ John Hempfling
John Hempfling
**WHOLE FOODS**
550 Bowie Street
Austin, Tx 78703-4644
512-477-4455
jhempf@amazon.com

*Counsel for Defendant Dairy Farmers of America, Inc.:*

/s/ Lauren S. Colton
Lauren S. Colton
**HOGAN LOVELLS US LLP**
100 International Drive, Suite 2000
Baltimore, MD 21202
Email: lauren.colton@hoganlovells.com

*Counsel for Defendant Organic West, Inc.:*

/s/Michael Tener
Michael Tener
**LEONARDINI, DESPOTES, GIANNECCHINI & NIMS LLP**
3414 Brookside Road, Suite 300
Stockton, CA 95219
Email: mtener@ldgnlaw.com

/s/ Edward M. Slaughter
Edward M. Slaughter
**GORDON REES SCULLY MANSUKHANI**
425 W. Capitol Avenue, Suite 3515
Little Rock, AR 72201
501-801-1805
Email: eslaughter@grsm.com

/s/ Marci Dee Mitkoff
Marci Dee Mitkoff
**GORDON REES SCULLY MANSUKHANI LLP**
1 Battery Park Plaza
28th Floor
New York, NY 10004
332-230-2164
Email: mmitkoff@grsm.com

56147936.3

10

Hon. Arun Subramanian
April 20, 2026
Page 11 of 21

**Attachment A**

***Summary of Member Cases***

| Parties | Transferor District | Summary |
|---|---|---|
| *Personal Injury Actions* | | |
| **Plaintiffs:** Stephen Dexter and Yurany Dexter, individually and on behalf of E.D., a minor<br><br>*Represented by Marler Clark Inc., PS*<br><br>**Defendants:** ByHeart, Inc., Amazon.com, Inc., Mrs. Gooch's Natural Food Markets, Inc.; Dairy Farmers of America, Organic West, Inc. | District of Arizona 1:26-cv-02891 | Plaintiffs filed suit against ByHeart, Inc., Amazon.com, Inc., Dairy Farmers of America, Inc., Mrs. Gooch's Natural Food Markets, Inc., and Organic West, Inc. They assert claims against Defendants for strict products liability; breach of warranty; negligence; and negligence per se. Plaintiffs allege that the infant was hospitalized for 13 days and was treated with BabyBIG. Plaintiffs allege ongoing injury. |
| **Plaintiffs:** Amy and Anthony Mazziotti, individually and on behalf of their minor child, H.M.<br><br>*Represented by Marler Clark Inc., PS*<br><br>**Defendants:** ByHeart, Inc., and Target Corporation | Central District of California 1:26-cv-03223 | Plaintiffs filed suit against ByHeart, Inc. and Target Corporation. They assert claims against Defendants for strict products liability; breach of warranty; negligence; and negligence per se. Plaintiffs allege that the infant was hospitalized for 12 days, physicians advised the infant be treated for suspected botulism, and the infant was treated with BabyBIG. Plaintiffs allege ongoing medical treatment. |
| **Plaintiffs:** Anthony Barbera and Thalia Flores, individually and on behalf of A.B., a minor<br><br>*Represented by Marler Clark Inc., PS* | Eastern District of California 1:26-cv-02902 | Plaintiffs filed suit against ByHeart, Inc. They assert claims against Defendants for strict products liability; negligence; breach of express warranty; and breach of implied warranty of merchantability. Plaintiffs allege that the infant was hospitalized following the onset of infant botulism symptoms and was treated with the BabyBIG antitoxin. |

56147936.3

Hon. Arun Subramanian
April 20, 2026
Page 12 of 21

| Parties | Transferor District | Summary |
|---|---|---|
| **Defendants:** ByHeart, Inc., and Target Corporation | | |
| **Plaintiffs:** Raven Fury, individually and as next friend of W.F., a minor<br><br>*Represented by Thomas J. Henry Injury Attorneys*<br><br>**Defendants:** ByHeart, Inc., and Walmart, Inc. | Northern District of Texas 1:26 cv 03125 | Plaintiffs filed suit against ByHeart, Inc. and Walmart, Inc.. They assert claims against Defendant ByHeart for strict products liability; products liability; breach of warranty; violations of Texas Deceptive Trade Practices Act; negligence; and gross negligence.  They assert claims against Defendant Walmart for Walmart Inc.'s liability as a nonmanufacturing seller.  Plaintiffs allege that the infant was hospitalized for 17 days and was treated with BabyBIG.  Plaintiffs allege ongoing medical treatment. |
| **Plaintiffs:** Anit Joseph and Luke Pooley, individually and as next friend of K.P., a minor<br><br>*Represented by Marler Clark Inc., PS*<br><br>**Defendants:** ByHeart, Inc., Target Corporation, Organic West, Inc., Dairy Farmers of America | Southern District of Texas 1:26-cv-02899 | Plaintiffs filed suit against ByHeart, Inc., Dairy Farmers of America, Inc. (DFA), Organic West, Inc., and Target Corporation. They assert claims against Defendants for strict products liability; breach of warranty; negligence; and negligence per se.  Plaintiffs allege that the infant was hospitalized for approximately 9 days, received a positive test for botulism (Type A), and was treated with BabyBIG.  ByHeart filed an emergency motion to compel Defendant DFA to produce samples for testing and documents on January 30, 2026. |
| **Plaintiffs:** Madison Wescott and Tyler Wescott, individually and on behalf of K.W., a minor<br><br>*Represented by Marler Clark Inc., PS*<br>**Defendants:** | Western District of Washington 1:26 cv 03085 | Plaintiffs filed suit against ByHeart, Inc., Target Corporation, Organic West, Inc., and Dairy Farmers of America, Inc.  They assert claims against Defendants for strict products liability; breach of warranty; negligence; and negligence per se.  Plaintiffs allege that the infant was hospitalized for 4 days, received a positive test for botulism, and was treated with BabyBIG.  Plaintiffs allege ongoing medical treatment. |

56147936.3

12

Hon. Arun Subramanian
April 20, 2026
Page 13 of 21

| Parties | Transferor District | Summary |
|---|---|---|
| ByHeart, Inc., Target Corporation, Organic West, Inc., Dairy Farmers of America | | |
| **Plaintiffs:** Colin Flowers and Jennifer Flowers, individually and as parents and natural guardians of G.F. *Represented by OFT Law, PLLC* **Defendants:** ByHeart, Inc. | District of Minnesota 1:26cv03091 | Plaintiffs filed suit against ByHeart, Inc. They assert claims against Defendant for strict products liability - manufacturing defect; negligence; negligence per se; and breach of warranty. Plaintiffs allege that the infant was diagnosed with infant botulism after consuming contaminated ByHeart infant formula and was treated with BabyBIG. Plaintiffs allege ongoing medical treatment. |
| **Plaintiffs:** Hannah Everett and Michael Everett, individually and as parents and natural guardians of P.E. *Represented by OFT Law, PLLC* **Defendants:** ByHeart, Inc. | Eastern District of Kentucky 1:26 cv 02904 | Plaintiffs filed suit against ByHeart, Inc. They assert claims against Defendants for strict products liability; negligence; breach of express warranty; and breach of implied warranty of merchantability. Plaintiffs allege that the infant was hospitalized following the onset of infant botulism symptoms and was treated with the BabyBIG antitoxin. |
| **Plaintiffs:** Arian and Turkane Llapashtica on behalf of minor Ari Llapashtica *Represented by Disparti Law Group, P. A.* | Northern District of Illinois 1:26-cv-02896 | Plaintiffs filed suit against ByHeart, Inc. They assert claims against Defendants for Strict Products Liability, Breach of Warranty, Negligence, and Negligence Per Se. |
| *Economic Loss Actions* | | |

56147936.3

13

Hon. Arun Subramanian
April 20, 2026
Page 14 of 21

| Parties | Transferor District | Summary |
|---|---|---|
| **Plaintiffs:**<br>Monica Valenzuela, individually and on behalf of all others similarly situated<br><br>*Represented by Reese LLP*<br><br>**Defendants:**<br>ByHeart, Inc. | Eastern District of New York<br>1:26 cv 03126 | Plaintiffs filed suit against ByHeart, Inc. They assert claims against Defendants for Violation of New York GBL Sections 349, 350, Negligence, and Unjust Enrichment. |
| **Plaintiffs:**<br>Amanda Zetterstrom, individually and on behalf of all others similarly situated<br><br>*Represented by Reese LLP*<br><br>**Defendants:**<br>ByHeart, Inc. | Southern District of New York<br>1:25-cv-09419 | Plaintiffs filed suit against ByHeart, Inc. They assert claims against Defendants for Violation of New York GBL Sections 349, 350, Negligence, Unjust Enrichment and Violation of Business and Professions Code Section 17200. |
| **Plaintiffs:**<br>Max Schneider, individually and on behalf of all others similarly situated<br><br>*Represented by Israel David LLC*<br><br>**Defendants:**<br>ByHeart, Inc. | Southern District of New York<br>1:25-cv-09543 | Plaintiffs filed suit against ByHeart, Inc. They assert claims against Defendants for Violation of New York GBL Sections 349, Breach of Express Warranty, Breach of Implied Warranty of Merchantability and Unjust Enrichment. |
| **Plaintiffs:**<br>Mariah Pilato and Ashley Martinez, individually and on behalf of all others similarly situated<br><br>*Represented by Sultzer & Lipari, PLLC, Bryson Harris Suciu* | Southern District of New York<br>1:25-cv-09550 | Plaintiffs filed suit against ByHeart, Inc. They assert claims against Defendants for Violation of New York GBL Sections 349, 350, Negligence, Unjust Enrichment and Florida's Deceptive and Unfair Trade Practices Act, The California Business & Professions Code, The California False Advertising Law, and The California Consumer Legal Remedies Act. |

56147936.3

14

Hon. Arun Subramanian
April 20, 2026
Page 15 of 21

| Parties | Transferor District | Summary |
|---|---|---|
| *& Demay PLLC, and Smith Krivoshey, PC*<br><br>**Defendants:**<br>ByHeart, Inc. | | |
| **Plaintiffs:**<br>Laney Linton, Chloe Oliver, Rosemary Rockey, Thomas Andracchi II, on behalf of themselves and all others similarly situated<br><br>*Represented by Levi & Korsinsky, LLP*<br><br>**Defendants:**<br>ByHeart, Inc. | Southern District of New York 1:25-cv-09597 | Plaintiffs filed suit against ByHeart, Inc.  They assert claims against Defendants for Violation of New York GBL Sections 349 and 350, The California False Advertising Law, Violation of California's Consumer Legal Remedies Act CAL. BUS. & PROF. CODE Sections 1750, ET SEQ, Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Violation of the North Carolina Unfair and Deceptive Trade Practices Act, Breach of Express Warranty, Breach of Implied Waranty of Merchantability, Negligent Representation, and Unjust Enrichment. |
| **Plaintiffs:**<br>Xacil Archuleta, individually and on behalf of all others similarly situated<br><br>*Represented by Bryson Harris Suciu & Demay PLLC and Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, LLP*<br><br>**Defendants:**<br>ByHeart, Inc. | Southern District of New York 1:25-cv-09714 | Plaintiffs filed suit against ByHeart, Inc.  They assert claims against Defendants for Violation of New York GBL Sections 349 and 350, Negligence, Unjust Enrichment, Violation of the Illinois Consumer Fraud Act, Violation of the Minnesota Prevention of Consumer Fraud Act, and False Advertising. |
| **Plaintiffs:**<br>Rasselyn Breary, Breanna Motter, and Allison Nebel, individually and on behalf of all others similarly situated | Southern District of New York 1:25-cv-09774 | Plaintiffs filed suit against ByHeart, Inc.  They assert claims against Defendants for Violation of New York GBL Sections 349 and 350, Breach of Express Warranty, Breach of Implied Warranty of Merchantability, Violation of the Consumers Legal Remedies Act Cal. Civil Code Sections 1750, Et Seq., Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code Sections 1700., Et. Seq., Violation of the False Advertising Law, |

15

Hon. Arun Subramanian
April 20, 2026
Page 16 of 21

| Parties | Transferor District | Summary |
|---|---|---|
| *Represented by Bryson Harris Suciu & Demay PLLC, Smith Krivoshey, PC, and Sultzer & Lipari, PLLC*<br><br>**Defendants:**<br>ByHeart, Inc. | | Negligence and Negligence Per Se, Fraudulent Concealment, and Unjust Enrichment. |
| **Plaintiffs:**<br>Kaileigh Rachwal, Amber Stuart, Samantha De Oliveria, and Kristina Torres, on behalf of themselves and all others similarly situated<br><br>*Represented by Kamberlaw, LLC*<br><br>**Defendants:**<br>ByHeart, Inc. | Southern District of New York 1:25-cv-10011 | Plaintiffs filed suit against ByHeart, Inc. They assert claims against Defendants for for Violation of New York GBL Sections 349 and 350, Violation of the Conn. Gen. Stat Section 42-110b(a), Violation of California's Unfair Competition Law, Violation of Claifornia's False Advertising Law, Violation of California's Consumer Legal Remedies Act, Violation of the Massachusetts Unfair and Deceptive Business Practices Act, and Unjust Enrichment. |
| **Plaintiffs:**<br>Jillian Lugo and Allison Noonan, individually and on behalf of all others similarly situated<br><br>*Represented by Leeds Brown Law, P.C.*<br><br>**Defendants:**<br>ByHeart, Inc. | Southern District of New York 1:25-cv-10243 | Plaintiffs filed suit against ByHeart, Inc. They assert claims against Defendants for for Violation of New York GBL Sections 349 and 350, Violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, Violation of Illinois' Uniform Deceptive Trade Practices Act, Negligence, Unjust Enrichment, and Breach of Implied Warranty of Merchantability. |
| **Plaintiffs:**<br>Victor Sepulveda and Jessica Castaneda, individually and on behalf of all others similarly situated | Middle District of Pennsylvania No. 1:25-cv-02210-KMN; Southern District of New York No. 1:26-cv-03122 | Plaintiffs filed suit against ByHeart, Inc. They assert claims against Defendant for Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law, Negligence, and Unjust Enrichment. |

56147936.3

16

Hon. Arun Subramanian
April 20, 2026
Page 17 of 21

| Parties | Transferor District | Summary |
|---|---|---|
| *Represented by Berger Montague PC*<br><br>**Defendants:**<br>ByHeart, Inc. | | |
| *Other Cases* | | |
| | | On March 31, 2026, Hilmar Cheese Co., Inc. filed a complaint against ByHeart, claiming a breach of contract and seeking declaratory relief and damages.  Hilmar alleges (i) it suffered lost-volume-seller damages because ByHeart breached the parties' Supply Agreement by failing to purchase product post-recall, and (ii) Hilmar is entitled to recover recall-related expenses from ByHeart because Hilmar was not "directly and solely" responsible for the recall.  ByHeart has filed a notice of potential tag-along action for the Hilmar action as it involves common questions of fact—namely, where in the supply chain the alleged botulism contamination originated and whether it is attributable to Hilmar's products.  ByHeart anticipates that issues of responsibility among supply-chain participants may be raised in that action. |
| *Unfiled Personal Injury Actions* | | |
| *Jalessa Gementera and Javier Acevedo, individually and on behalf of J.A., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Hannah Barnes and Justin Royce, individually and on behalf of A.B., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Angelique Carter, individually and on behalf of A.C., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |

56147936.3

17

Hon. Arun Subramanian
April 20, 2026
Page 18 of 21

| Parties | Transferor District | Summary |
|---|---|---|
| *Timothy and Rebecca Casteline, individually and on behalf of A.C., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Aman and Tooba Chughtai, individually and on behalf of A.C., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Katie and Derek Connolly, individually and on behalf of M.C., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Sydney and Travis Craig, individually and on behalf of K.C., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Andria and Byron Galindo, individually and on behalf of R.G., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Brianna and Stacey Higashi, individually and on behalf of T.H., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |

56147936.3

18

Hon. Arun Subramanian
April 20, 2026
Page 19 of 21

| Parties | Transferor District | Summary |
|---|---|---|
| *Elan Johnson and Alexandra Morrow, individually and on behalf of E.J., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Ashkan Keshtmand and Tahereh Fereydouni, individually and on behalf of L.K., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Brett and Barbara Ksobiech, individually and on behalf of P.K., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Haden Kodatt and Ashley Agnoli, individually and on behalf of O.K., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Erica Nelson and Liborio Gallipoli, individually and on behalf of E.G.N., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Shannon and Hunter Nedin, individually and on behalf of R.N, a minor* | | |

56147936.3

19

Hon. Arun Subramanian
April 20, 2026
Page 20 of 21

| Parties | Transferor District | Summary |
|---|---|---|
| *Represented by Marler Clark Inc., PS* | | |
| *Sara Ann Skinner, individually and on behalf of R.S., a minor*<br><br>*Represented by Marler Clark Inc., PS* | | |
| *Rachelle and Jairo Calderon, individually and on behalf of M.C., a minor*<br><br>*Represented by OFT Law, PLLC* | | |
| *Olyviah and Alize Guyton, individually and on behalf of A.G., a minor*<br><br>*Represented by OFT Law, PLLC* | | |
| *Briana and Shawn Hoff, individually and on behalf of S.H., a minor*<br><br>*Represented by OFT Law, PLLC* | | |
| *Megan and Conor Johnson, individually and on behalf of H.J., a minor*<br><br>*Represented by OFT Law, PLLC* | | |
| *Emma and Alex Ourieff, individually and on behalf of M.O., a minor*<br><br>*Represented by OFT Law, PLLC* | | |

56147936.3

Hon. Arun Subramanian
April 20, 2026
Page 21 of 21

| Parties | Transferor District | Summary |
|---|---|---|
| *Nona and Jeffrey Stocker, individually and on behalf of A.S., a minor*<br><br>*Represented by OFT Law, PLLC* | | |
| *Mercedes and Jeffrey Summers, individually and on behalf of W.S., a minor*<br><br>*Represented by OFT Law, PLLC* | | |
| *Leticia Vega, individually and on behalf of S.R., a minor*<br><br>*Represented by OFT Law, PLLC* | | |
| *Anna Barajas, individually, and on behalf of L.B., a minor*<br><br>*Represented by Johnson & Taylor* | | |

56147936.3

21