# In Re Botulism Infant Formula MDL

April 20, 2026

**<u>VIA ECF</u>**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007-1312

> RE:  IN RE: BYHEART, INC., INFANT FORMULA MARKETING, SALES PRACTICES, AND
> PRODUCTS LIABILITY LITIGATION, CASE NO. 1:26-MD-03178-AS

Dear Judge Subramanian:

Pursuant to Case Management Order No. 1, the parties jointly submit the following letter.

## I.      SUMMARY OF MEMBER CASES

Nineteen actions are currently subject to the Transfer Order of the Judicial Panel on Multidistrict Litigation.  These cases fall into two general categories: (1) personal injury actions alleging injury following consumption of ByHeart powdered infant formula, and (2) economic loss actions arising from the recall of that product.  Nine of the actions assert personal injury claims, and ten assert economic loss claims.  A summary of all nineteen member cases is attached hereto as **Attachment A**.

In addition to the filed actions, Personal Injury Plaintiffs identify twenty-two potential unfiled personal injury claims, which are also listed in **Attachment A**.  Of note, the Centers for Disease Control and Prevention (CDC) has determined that forty-eight infants developed botulism poisoning after consuming ByHeart infant formula.[1]

Personal Injury Plaintiffs propose inclusion of these cases within this Multidistrict Litigation ("MDL").  ByHeart is agreeable to all filed actions being included in the MDL but believes that unfiled or hypothetical claims cannot be included in the MDL absent filing and/or transfer through appropriate procedures.  ByHeart is willing to evaluate such claims if and when filed and, where appropriate, agreeing to transfer.  The parties anticipate filing a separate letter to the Court concerning the process for direct filing of cases in these proceedings.

ByHeart is named as a defendant in all actions.  Dairy Farmers of America, Organic West, and various retailers (currently, Amazon.com, Inc., Mrs. Gooch's Natural Food Markets, Inc. (dba Whole Foods Market), Target Corporation, and Walmart, Inc., collectively, "the Retailers") have been named defendants in some, but not all personal injury cases to date.  Dairy Farmers of America ("DFA") is currently named in three cases, and a motion for leave to amend to add DFA as a defendant is pending in a fourth case (see discussion of *Fury* case below).  Economic loss

---

[1] *See* Ctrs. for Disease Control & Prevention, *Infant Botulism Outbreak Linked to Infant Formula, November 2025* (Mar. 5, 2026), https://www.cdc.gov/botulism/outbreaks-investigations/infant-formula-nov-2025/index.html.

Hon. Arun Subramanian
April 20, 2026
Page 2 of 21

claimants have indicated that they intend to add Dairy Farmers of America and Organic West as parties.

## II. PROPOSED NEXT STEPS AND CASE SCHEDULE

### A. Pleadings

The parties are engaged in mediation before Thomas Perrelli, and the first session was held on March 16, 2026. The parties remain focused on continuing to make progress toward resolution and believe the most productive course is to prioritize mediation over the next 90 days, with a further status conference at that time.

ByHeart's next response deadline is currently set for April 23, 2026. The parties anticipate consolidated and/or amended pleadings, as described below. The parties respectfully request that the Court enter an order prior to April 23, 2026, staying Defendants' response deadlines to all pending complaints in the MDL until a schedule is set for filing of amended or master complaints and Defendants' responses to such complaints.

#### 1. Personal Injury Cases

Defendants obtained extensions to respond to the personal injury complaints pending a decision on Plaintiffs' Motion to Transfer and Centralize, with the exception of the *Fury* case. There, Defendants ByHeart and Walmart separately filed Motions to Dismiss, which have been fully briefed. The *Fury* Plaintiffs filed a Motion for Leave to Amend the Complaint before the pending Motions to Dismiss were resolved.

The Personal Injury Plaintiffs have not yet indicated whether they intend to file a master complaint and/or short form complaints. In the interest of efficiency and coordination of responsive pleadings, and to avoid duplicative motion practice, Defendants request that the Personal Injury Plaintiffs be given a deadline to: (1) transfer any related pending cases into the MDL; (2) file any additional cases for plaintiffs they currently represent; (3) file any master complaint and/or short form complaint, as well as any amended complaints ("Plaintiffs' Amended Pleading Deadline"), with Defendants' deadline to file motions to dismiss being 90 days after Plaintiffs' Amended Pleading Deadline ("Defendants' Responsive Pleading Deadline"). Plaintiffs agree to identify all potential cases to facilitate resolution but objects to an accelerated filing deadline.

#### 2. Economic Loss Cases

Each of the economic actions is based on the same core allegations—namely, that ByHeart marketed its infant formula products as safe while allegedly failing to disclose risks of contamination with *Clostridium botulinum*, and that consumers suffered economic injury as a result. *See, e.g., Breary* Compl. ¶¶ 2-3, 12; *Lugo* Compl. ¶¶ 1-2, 14-15; *Pilato* Compl. ¶¶ 1-3, 24-26; *Rachwal* Compl. ¶¶ 5-6, 16; *Sepulveda* Compl. ¶¶ 3, 9-10; *Valenzuela* Compl. ¶¶ 2-5; *Zetterstrom* Compl. ¶¶ 2-5. ByHeart is the only defendant named in these cases. The economic injury plaintiffs contemplate filing a consolidated complaint. ByHeart would like to review a draft but has no objection to that proposal. *See In re Gen. Motors LLC Ignition Switch Litig.,* No. 14-

56147936.3

Hon. Arun Subramanian
April 20, 2026
Page 3 of 21

MC-2543 JMF, 2015 WL 3619584, at *7 (S.D.N.Y. June 10, 2015) (consolidation is appropriate where actions involve common questions of law or fact).

### B.    Discovery

The parties have exchanged certain information in connection with ongoing mediation, including documentation from Plaintiffs and insurance information from ByHeart.  The Court has also ordered DFA to produce documents and materials sought by the parties, which will assist in evaluating the claims and facilitating mediation.

The parties believe that the informal exchange of information in connection with the mediation is working and agree that discovery, other than with respect to the discovery the Court ordered DFA to produce in its April 10 and April 17 Orders, should be deferred to allow time for the mediation discussions to proceed and to preserve resources to be available for resolution.  The parties suggest that this be revisited in 90 days or upon request of any party.  Additional discovery will be stayed as to all parties that agree to participate in the mediation process.

As part of the mediation, ByHeart and Organic West have provided, on a confidential basis, its insurance information.  DFA has agreed to produce its insurance information on a confidential basis.  In addition, DFA and Organic West will provide, on the same confidential basis, the agreements between DFA and Organic West related to this matter. ByHeart further proposes that such materials be produced no later than April 27, 2026.

### C.    Case Schedule

The parties propose the following schedule:

- Two weeks after the initial case management conference in May ("May Hearing"), plaintiffs' counsel will propose a leadership structure for the MDL; it is anticipated that separate lead counsel will be proposed for the personal injury and economic loss cases.
- If the Personal Injury Plaintiffs and/or economic injury Plaintiffs wish to file a master complaint and/or short form complaint, as well as any amended complaints ("Plaintiffs' Amended Pleading Deadline"), they shall do so within 60 days of the Court's approval of a leadership structure.
- Plaintiffs shall promptly identify all known cases to Defendants for purposes of tagging and transferring into the MDL.
- Defendants' answers and/or responsive pleading, including motions raising arguments related to jurisdiction or defenses under Federal Rule of Civil Procedure 12, shall be due 90 days after Plaintiffs' Amended Pleading Deadline ("Defendants' Responsive Pleading Deadline").  If the Plaintiffs do not file a master complaint, the parties will meet and confer to determine a process for filing responsive pleadings to one or more a bellwether personal injury complaints.
- Plaintiffs' responses to any motions to dismiss (or other motions requiring a response from Plaintiffs) filed by Defendants shall be due 60 days after Defendants' Responsive Pleading Deadline ("Plaintiffs' Response Deadline").

56147936.3

3

Hon. Arun Subramanian
April 20, 2026
Page 4 of 21

- Defendants' replies to any motions to dismiss (or other motions requiring a reply from Defendants) shall be due 30 days after Plaintiffs' Response Deadline.
- To preserve the parties' resources, discovery against the Retailers shall not commence until after the Court has heard and ruled upon the Retailers' motions to dismiss, unless otherwise approved by the Court.
- Discovery—other than the exchange described above, the discovery the Court ordered DFA to produce in its April 10 and April 17 Orders, and any discovery arising from the Court's orders related to this joint statement—shall be deferred to allow mediation discussions to proceed. The parties propose to revisit the scope and timing of such discovery in 90 days, or earlier upon request of any party.
- To preserve the parties' resources, Defendants' obligation to answer or respond to individual complaints should be deferred for 90 days from the current response deadlines.

The parties also propose the scheduling of case status conferences subject to the Court's availability on an every other month basis beginning upon selection of lead counsel, or as the Court sees fit.

## III.    PROPOSED HEARING DATE

The parties are available for a hearing on May 4, 2026.

The Court adopts the parties' proposed schedule and all proposals in II.C. The Court will hold a hearing on **May 4, 2026 at 2:00 PM ET** in Courtroom 15A of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York.

The request that the hearing proceed on a hybrid basis, Dkt. 6, is GRANTED. Any party that needs to appear remotely should dial in by calling (646) 453-4442 and entering the Phone Conference ID: **459 351 501**, followed by the pound (#) sign. By April 29, 2026, any party that wishes to be heard remotely should email the Court with the phone numbers from which they will be calling in.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 6.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 22, 2026