**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: BYHEART, INC., INFANT FORMULA
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

This Document Relates to All Cases

1:26-md-03178 (AS)

**PROTECTIVE ORDER**

ARUN SUBRAMANIAN, U.S.D.J.

The Court, having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person (including without limitation from non-parties to this action through third-party discovery) any "Discovery Material,", which refers to information of any kind provided (informally or formally) in discovery in this action, that is designated as "Confidential" or "Highly Confidential - Outside Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material or Highly Confidential - Outside Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder. Discovery Material that is so designated shall be referred to as Protected Material in this Order. Protected

1

Material is to be used, subject to this Agreement, solely in relation to the litigation actions within *In re: ByHeart, Inc.*, No. 26-md-3178-AS, including for the purposes of the parties obtaining insurance coverage and satisfying their contractual and legal obligations to such insurers, and shall not be used for any other purposes.

2.    The person producing any given Discovery Material may designate as Confidential such material that contains:

a.    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b.    previously nondisclosed material relating to ownership or control of any non-public company;

c.    trade secrets and previously nondisclosed business plans, product development information, marketing plans, pricing information, product manufacturing or processing information or other sensitive or proprietary business or technical information;

d.    previously nondisclosed information that is subject to contractual obligations of confidentiality to non-parties;

e.    information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c);

f.    any information of a personal or intimate nature regarding any individual; or

g.    any other category of information hereinafter given confidential status by

the Court.

3.    With respect to Protected Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such Protected Material as "Confidential" or "Highly Confidential – Outside Attorney's Eyes Only" by affixing the legend "Confidential" or "Highly Confidential – Outside Attorney's Eyes Only" to each page of the Protected Material. For Protected Material that is produced in native electronic format, the designation legend must be included in the file name of the native documents and on any related imaged slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

4.    With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate testimony given in a deposition or in other pretrial or trial proceedings or exhibits as Confidential or Highly Confidential on the record or in writing on or before the later of thirty (30) days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30. If any portion of a deposition is designated, the transcript shall be labeled with the appropriate legend in an obvious manner on the title page, and the title page must be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the designating party. If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend in an obvious manner. The Party initiating the deposition shall inform the

court reporter of these requirements.

5.  Pending designation as set forth above, the entire transcript, including exhibits, shall be treated in accordance with the rules applicable to "Highly Confidential – Outside Attorneys' Eyes Only" information. If no designation is made within the time period above, the transcript shall be considered not to contain any "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" information.

    a.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material. The use of Protected Material as an exhibit at a deposition or other pretrial proceeding will not in any way affect its designation as Protected Material. Counsel for any producing party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material. Parties shall give other Parties notice if they reasonably expect a deposition or other pretrial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have first acknowledged they have read and agreed to this Protective Order are present at those proceedings.

6.   If at any time prior to the trial of this action, a producing person or any other party realizes that some Discovery Material previously produced without limitation should be designated as Confidential or Highly Confidential – Outside Attorneys' Eyes Only, he or she may so designate by so apprising all parties in writing, and such Discovery Material will thereafter be treated as Confidential or Highly Confidential – Outside Attorneys' Eyes Only under the terms of this Order.

7.   No person subject to this Order other than the producing person shall disclose any of the Protected Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a.   the parties to this action;

    b.   counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c.   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.   any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first acknowledged they have read and agreed to this Protective Order;

    e.   any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Protective Order Acknowledgment in the form annexed as an Exhibit hereto;

    f.   any custodian or other person who otherwise possessed or knew the information contained in the Protected Material;

g.   any mediator who is assigned to hear this action, and his or her staff, who has first acknowledged they have read and agreed to this Order;

h.   professional jury or trial consultants and mock jurors or focus group members who have signed a confidentiality agreement, and professional vendors to whom disclosure is reasonably necessary for this action and whose representatives have first acknowledged they have read and agreed to this Protective Order;

i.   stenographers engaged to transcribe depositions conducted in this action;

j.   the Court and its support personnel;

k.   Insurer representatives to whom disclosure is reasonably necessary in relation to this action and who have first acknowledged they have read and agreed to this Protective Order; and

l.   the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have first acknowledged they have read and agreed to this Protective Order.

8.   All Protected Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Protected Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Material itself, and not text that in no material way

reveals the Protected Material.

9.     If a party or non-party reasonably and in good faith believes that the disclosure of Protected Material to any person other than those persons identified in this Paragraph would create a substantial risk of serious harm that could not be avoided by less restrictive means, the party or non-party may further designate such Protected Material as "Highly Confidential - Outside Attorneys' Eyes Only," using the procedures described in Paragraphs 3 and 4 of this Order.  Without limitation, "Highly Confidential - Outside Attorneys' Eyes Only" may be used to designate Discovery Material that a party or non-party believes in good faith contains information of such a confidential or sensitive nature as to pose a significant risk of (i) serious harm that could not be avoided by less restrictive means.  No person subject to this Order other than the producing person shall disclose any of the Protected Material designated as Highly Confidential - Outside Attorneys' Eyes Only to any other person whomsoever, except to (a) outside counsel of record to a Party retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter ("Outside Counsel") who have first acknowledged they have read and agreed to this Order; (b) bona fide outside experts and consultants (i) to whom disclosure is reasonably necessary for this action, (ii) who have been retained specifically for this action by Outside Counsel, (iii) who are not either current or former employees of a competitor of the producing person or currently involved in the design, development, or manufacturing of any product for a competitor of the producing person, and (iv) provided such person has first acknowledged they have read and agreed to this

Protective Order or (c) the persons identified in Paragraphs 7(c), (f), (h), (i), (j), and (k) of this Order.

10. Any party who objects to any designation of confidentiality may serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. Objections to confidentiality must be served 120 days prior to trial.  If the materials subject to the objection are produced for the first time less than 150 days prior to trial, then the objection must be served within 30 days of production.  If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential - Outside Attorneys' Eyes Only. The Court also retains unfettered discretion whether to afford confidential treatment to any Protected Material or information contained in any Protected Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If any party or person with access to Protected Material in this action (other than the designating party) is served with a subpoena, order or other compulsory process in any other litigation or proceeding seeking to compel disclosure of such Protected

Material (a "Demand"), that party or person must: (a) promptly notify in writing the designating party and provide a copy of the Demand; (b) promptly notify in writing the person or entity that caused the Demand to issue that some or all of the material covered by the Demand is subject to this Order and provide a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected, including by not producing any such Protected Material until the designating Party has had reasonable opportunity to seek relief (to the extent legally permissible). If the designating party timely seeks a protective order or other relief with respect to the Demand, the party served with the Demand shall not produce any information designated in this action as Confidential Information or Highly Confidential - Outside Attorneys' Eyes Only Information until a determination by the court having jurisdiction over the Demand, unless the party served has obtained the designating party's permission in writing. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

14.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

request such person or persons to promptly acknowledge they have read and agree to this Order.

15.   When a producing party gives notice to receiving parties that certain inadvertently or otherwise produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If, in connection with this litigation, a party inadvertently discloses electronically stored information ("ESI"), documents, or information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. The Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and (e).

16. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

17. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

10

18. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

19. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

20. The parties agree that individuals or entities with access to Protected Materials are prohibited from inputting documents, ESI, load files, and other materials produced pursuant to this Order into generative artificial intelligence tools or similar applications unless the tools or applications provide the following protections against inadvertent disclosure of data: (1) confirmation that the tool or application will not train the model or incorporate into model weights any inputs containing those Protected Materials or otherwise inadvertently produce outputs containing identifiable parts of Protected Materials; (2) administrative controls to allow deletion of Protected Materials by the user and to prevent unauthorized access to Protected Materials; and (3) adherence to cybersecurity best practices.

21. This Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential - Outside Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

22. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED.**

_____
ARUN SUBRAMANIAN, U.S.D.J.

Dated:  April 23, 2026

New York, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: BYHEART, INC., INFANT FORMULA
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

This Document Relates to All Cases

1:26-md-03178 (AS)

**[PROPOSED] PROTECTIVE**
**ORDER ACKNOWLEDGMENT**

     I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential - Outside Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential - Outside Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

    Dated:_____        _____

13