## MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. P.C.
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GLENN D. POMERANTZ
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
STUART N. SENATOR
KELLY M. KLAUS
LISA J. DEMSKY
MALCOLM A. HEINICKE
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
CAROLYN HOECKER LUEDTKE
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG P.C.
GINGER D. ANDERS P.C.
JOHN M. GILDERSLEEVE
ADAM B. WEISS
ACHYUT J. PHADKE
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER
JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
JONATHAN KRAVIS P.C.

JOHN L. SCHWAB
L. ASHLEY AULL
WESLEY T.L. BURRELL
CRAIG JENNINGS LAVOIE
JENNIFER L. BRYANT
NICHOLAS D. FRAM
VINCENT Y. LING
VICTORIA A. DEGTYAREVA
JOHN B. MAJOR
RACHEL G. MILLER-ZIEGLER P.C.
FAYE PAUL TELLER
STEPHANIE G. HERRERA
JULIANA M. YEE
COLIN A. DEVINE
GIOVANNI S. SAARMAN GONZÁLEZ
ANNE K. CONLEY
DAVID W. MORESHEAD
ANDREW D. GARELICK
BRIDGET M. FITZPATRICK
ANDREW T. RADSCH
DANE P. SHIKMAN
J. MAX ROSEN
JEREMY S. KREISBERG
XIAONAN APRIL HU
NICOLE M. HOWELL
SKYLAR D. GROVE
SAMUEL H. ALLEN
ROWLEY J. RICE
LAUREN E. ROSS
BENJAMIN G. BAROKH
ABE DYK
MEGAN MCCREADIE
RAQUEL E. DOMINGUEZ
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
CARRIE C. LITTEN
JAMES R. SALZMANN
SEAN P. BARRY
MICHAEL I. SELVIN
HUNTER V. ARMOUR
NATHANIEL F. SUSSMAN
OLIVER BROWN
MATTHEW MIYAMOTO
BRIAN R. BOESSENECKER
ROBERT E. BOWEN
GRACE DAVIS FISHER
LAUREN N. BECK
CALEB W. PEIFFER
JAMIE LUMA
STEVEN B. R. LEVICK
JANELLE KRUMMEN

WILLIAM M. ORR
GABRIEL M. BRONSHTEYN
ROSIO FLORES ARRIAGA
JESSICA O. LAIRD
ERICA C. TOOCH
SARAH E. WEINER
EVAN MANN
ANDREW T. NGUYEN
SARA H. WORTH
MIRANDA E. REHAUT
STEPHANY REAVES
LAUREN E. KUHN
GARRETT SOLBERG
TED KANG
ADAM W. KWON
JOSEPH N. GLYNN
SIMON K. ZHEN
CARSON J. SCOTT
ROMAN LEAL
MATTHEW W. LINSLEY
ADEEL MOHAMMADI
TAYLOR L. BENNINGER
LORRAINE L. ABDULAHAD
CLARE KANE
SIDNEY M. EISNER
HELEN ELIZABETH WHITE
ALISON A. DOYLE
JASON D. WEISS
HENRY D. SHREFFLER
MILES W. UNTERREINER
LYNDSEY FRANKLIN
ANDREW DELAPLANE
ARIELLA PARK
LAURA PERRY STONE
JOSEPH MANTEGANI
GRAHAM J. WYATT
WESLEY P. DEVOLL
LAUREN A. BILOW
ALEXIS D. CAMPBELL
KYRA E. SCHOONOVER
WENDY Q. XIAO
DANIEL KANE
ADITI NARESH GHATLIA
ALBERTO J. DE DIEGO-HABEL
KYLE A. SCHNEIDER
CARL H. JIANG
BOBBY H. KIM
CLAIRE I. ROGERSON
LIAM GENNARI
CHARLES LAM
MAGGIE BUSHELL

REBECCA J. HANSEN
CONNOR HOGE
KEVIN HAN YANG
CORDELL A. BROWN
QIANZHE DANNY ZHANG
KYLE A. GROVES
ESTHENA BARLOW
CY EMEKA RAY
SUSANNAH M. L. GAGNON
DANIEL E. RUBIN
JIN NIU
SHUYU SUN
REBECCA M. HO
SASHA YUSUF
KEVIN CHIU
NICOLE R. ALLICOCK
SHANNON E. EAGEN
KAITLYN R. RUBCICH
JAKE TODD
ANGELA A. URIBE
ANDREW J. SLOTTJE
CYNTHIA Y. LONG
GRACE I. REHAUT
JOSEPH TROY YOUNG
SEAN ST. CHARLES
ANDREW L. FENNING
ANASTASIA THATCHER
JANNET E. GOMEZ
JACOB M. GHANDOUR
SAHIL A. ALIM
CLAREANNE R. GOSCHKE
ABIGAIL H. SHIM

—————

OF COUNSEL
KATHLEEN M. MCDOWELL
PATRICK J. CAFFERTY, JR.
DAVID H. FRY
BRADLEY R. SCHNEIDER
PETER E. GRATZINGER
ADAM R. LAWTON
SARAH J. COLE
ALLISON M. DAY
TERESA A. REED DIPPO
DAVID T. RYAN
LAURA M. LOPEZ

—————

SEE MTO.COM FOR
JURISDICTIONS OF ADMISSION

350 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3426

TELEPHONE (213) 683-9100

_____

560 MISSION STREET

SAN FRANCISCO, CALIFORNIA 94105-3089

TELEPHONE (415) 512-4000

_____

601 MASSACHUSETTS AVENUE NW

SUITE 500E

WASHINGTON, D.C. 20001-5369

TELEPHONE (202) 220-1100

July 24, 2026

Writer's Direct Contact
(213) 683-9292
(213) 593-2892 FAX
bethany.kristovich@mto.com

**VIA ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:    *In re: ByHeart, Inc., Infant Formula Marketing, Sales Practices, and Products Liability Litigation*, Case No. 1:26-md-03178-AS

Dear Judge Subramanian:

Defendant ByHeart, Inc. respectfully submits this status conference statement in advance of the status conference scheduled on July 28, 2026 at 1:00 p.m. ET.  ByHeart's designated lead counsel, Bethany Kristovich, will represent ByHeart at the status conference.

## I. MDL STATUS UPDATE & CASE MANAGEMENT ORDERS

Since the prior status conference, the U.S. Judicial Panel on Multidistrict Litigation transferred one new case to this MDL, a personal injury case, *Clarke v. ByHeart, Inc. et al.*, No. 26-05684.  On July 13, 2026, the Court granted Defendants Walmart and ByHeart's motions to dismiss in *Fury v. ByHeart, Inc. et al.*, giving Fury 21 days to amend her complaint.

MUNGER, TOLLES & OLSON LLP

Hon. Arun Subramanian
July 24, 2026
Page 2

The Economic Plaintiffs filed a consolidated complaint on July 20, 2026. Per the Court's April 22, 2026 case management order, Defendants' deadline to respond to the Consolidated Complaint is October 18, 2026.

The Court also ordered the Personal Injury Plaintiffs to file a Master Complaint and/or Short Form Complaint, as well as any amended complaints, by July 20, 2026. The Personal Injury Plaintiffs did not file a Master Complaint as the Court's order contemplated; nor have they proposed any form of short-form complaint. On July 20, Personal Injury Plaintiffs in *Barbera*, *Dexter*, and *Wescott* filed amended complaints; however, the Court denied Wescott's filing as improper on July 21. It appears that Dexter and Wescott filed amended complaints in the underlying actions instead of in the MDL. The *Flowers* plaintiffs moved to voluntarily dismiss their case.

On the same day, lead counsel for the Personal Injury Plaintiffs, Mr. Marler, also filed a letter with the Court stating that additional amended complaints would be filed within the next 60 days. Mr. Marler stated that he has a number of as-yet unfiled cases that may be filed outside of this action. The letter further proposes a schedule by which the Personal Injury Plaintiffs would file additional amended pleadings by September 7, 2026, the Defendants' responses would be due on December 7, 2026, and any replies from Plaintiffs would be due on February 5, 2027. It is not clear that the Court has granted the Personal Injury Plaintiffs leave to file any amended complaints after the July 20 deadline. Based on Mr. Marler's letter and his clients' recent complaints, the Personal Injury Plaintiffs appear poised to file dozens of separate complaints.

Over the past several weeks, counsel for ByHeart reached out to Mr. Marler four times in an attempt to meet and confer regarding the form of the Personal Injury Plaintiffs' July 20th complaints. ByHeart believes that a Master Complaint, as contemplated in the Court's July 9, 2026 order, would streamline the litigation, reduce unnecessary costs for all parties, and facilitate efficient case management while allowing plaintiff-specific issues (for example, whether they assert a claim against a retailer) to be addressed through short-form complaints. Mr. Marler did not respond to counsel's correspondence or otherwise respond to ByHeart.

Despite having been the one to file the motion seeking consolidation of these cases into an MDL, Mr. Marler apparently seeks to avoid the well-developed efficiencies available in this MDL using the Master Complaint procedure. A Master Complaint outlines common allegations to all cases and, once approved, individual plaintiffs adopt its allegations by reference and allege individualized facts specific to particular plaintiffs in a short-form complaint. This case is well suited for the Master Complaint case management procedure: most of the existing Personal Injury Plaintiff complaints assert similar allegations, claims, and theories against a discrete set of Defendants. Filing dozens of individual complaints undermines any case management efficiency.

MUNGER, TOLLES & OLSON LLP

Hon. Arun Subramanian
July 24, 2026
Page 3

ByHeart respectfully requests that the Court order the Personal Injury Plaintiffs to file a Master Complaint.  ByHeart has no objection to the Personal Injury Plaintiffs proceeding with their proposed September 7, 2026 amended filing deadline, provided the filing is a Master Complaint.[1]  Nor does ByHeart object to the responsive pleading deadline of December 7, 2026.  But ByHeart proposes that it file a single response to the Economic Plaintiffs' consolidated complaint and a single response to a Master Complaint.  If the Court declines to use a Master Complaint for the personal injury cases, then ByHeart proposes that the parties or the Court select a single (or limited number of) Lead Complaint(s) to which Defendants would respond.

If the Personal Injury Plaintiffs proceed by Master / Short Form Complaints, ByHeart suggests that any newly-filed Personal Injury Plaintiff case consolidated with this MDL follow a standing procedure for filing a Short Form Complaint within 30 days of consolidation, and that discovery and Defendants' deadline to respond is stayed pending further order of the Court.

The parties continue to participate in mediation.  In particular, the parties and the mediator have been actively evaluating individual settlement proposals.  In light of those ongoing efforts to preserve resources for resolution, ByHeart respectfully requests that discovery continue to be deferred for an additional 90 days to allow the mediation process to continue.  The parties can revisit the status of settlement discussions after 90 days and confer regarding whether discovery should proceed.

ByHeart requests a further status conference in early September.  The parties remain engaged in mediation, and ByHeart is hopeful that those efforts will continue to produce meaningful progress.  If the parties are able to demonstrate concrete progress by that time, ByHeart may request a corresponding extension of the current pleading response deadlines to allow the mediation process to continue.

## II.  FORTHCOMING REQUEST FOR INVENTORY DISPOSAL APPROVAL

Defendant ByHeart and its third-party custodians maintain significant quantities of unusable infant formula powder, ingredients, and similar materials that had not been shipped to market at the time of the November 2025 recall.  On June 22, 2026, ByHeart sent a notice to all interested parties in this action identifying the inventory intended for disposal and offering to make all inventory available for sampling should any party request it.  ByHeart provided all parties interested in sampling 14 days to make such a request by July 6, and agreed to provide another 30 days to negotiate and complete any sampling.  ByHeart received no requests for sampling.

ByHeart has engaged in meet and confer discussions with several parties over the past several weeks and those efforts have been productive with nearly all interested parties, who have

---

[1] Fury and Clarke would be subject to the Master Complaint filing deadline as well.

MUNGER, TOLLES & OLSON LLP

Hon. Arun Subramanian
July 24, 2026
Page 4

either engaged constructively or confirmed they have no objections.  ByHeart continues to make reasonable efforts to resolve any remaining issues and plans to submit an initial plan for destruction of certain materials to the Court following the July 28, 2026 status conference. ByHeart may seek to address additional materials with the Court at a future date.

## III. SUMMARY

For the reasons discussed above, Defendant ByHeart respectfully suggests the following case management orders:

1. The Personal Injury Plaintiffs to file a Master Complaint, with any plaintiff-specific allegations to be asserted through Short Form Complaints, by September 7, 2026;

2. Defendants to respond to the Economic Plaintiffs' consolidated complaint and the Master Complaint filed by the Personal Injury Plaintiffs by December 7, 2026;

3. Discovery deferred for an additional 90 days in light of the parties' ongoing mediation efforts;

4. A further status conference set in early September 2026 to allow the parties to report on the status of mediation and determine whether any modification to the current schedule is warranted; and

5. A case management order providing that any future plaintiff transferred to or otherwise joining this MDL shall file a Short Form Complaint within 30 days of consolidation, and Defendants' responsive pleading deadlines and discovery in such actions are stayed pending further order of the Court.

Respectfully,

MUNGER, TOLLES & OLSON LLP

Bethany W. Kristovich
*Counsel for ByHeart, Inc.*