**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: BYHEART, INC., INFANT FORMULA MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

This Document Relates to All Cases

1:26-md-03178 (AS)

**ORDER APPROVING DISPOSAL OF CERTAIN BYHEART INVENTORY**

ARUN SUBRAMANIAN, U.S.D.J.

The Court enters the following order under Fed. R. Civ. P. 26(c)(l) in connection with the request of Defendant ByHeart, Inc. ("ByHeart") for relief from its obligation to preserve certain physical materials:

1. In November 2025, in consultation with the United States Food and Drug Administration ("FDA"), ByHeart implemented a voluntary recall of its infant formula (the "Recall").

2. As part of the Recall, ByHeart halted all ongoing production of infant formula and ByHeart and its custodians preserved over 400,000 kilograms of raw material ingredients that were never distributed to sellers or stores, approximately 500 totes (each containing between several hundred to several thousand pounds) of bulk infant formula powder, and over 870,000 units of finished product (the "Inventory Products").

3. The cost and warehouse space required to store the Inventory Products is significant. ByHeart estimates it is incurring costs of over $100,000 per month to store all the Inventory Products.

4. ByHeart has provided the Parties an opportunity to sample the Inventory Products.

5. ByHeart maintains and intends to continue preserving existing samples of product taken in the ordinary course of production. ByHeart maintains 1 kilogram from each tote of bulk infant formula described above. It also maintains 4 cans of finished formula for each lot of ByHeart infant formula that was commercially distributed and that, at the time of the recall, was within 1 year of expiration (together with the 1 kilogram tote retains, the "Sample Products"). ByHeart intends to preserve the Sample Products and will not destroy them.

6. For good cause shown, the Court orders as follows:

(a) ByHeart may, at its sole direction and timing and in compliance with applicable laws and regulations, destroy the Inventory Products.

(b) ByHeart is ordered to preserve and not destroy the Sample Products.

(c) ByHeart's destruction of the Inventory Products consistent with this Order does not constitute spoliation of evidence or a loss of evidence that ByHeart is obligated to preserve. Any disposal undertaken in compliance with this Order shall be deemed reasonable preservation under the circumstances.

7. This Order shall not limit, abridge, or alter any obligation ByHeart may have with respect to preservation of any other evidence or material subject to preservation.

**SO ORDERED.**

ARUN SUBRAMANIAN, U.S.D.J.

Dated: New York, New York
September 9, 2026