**VIA ECF**

September 10, 2026

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *In re: ByHeart, Inc., Infant Formula Marketing, Sales Practices, and Products Liability Litigation*, Case No. 1:26-md-03178-AS, Defendants' Joint Report

Dear Judge Subramanian:

Pursuant to the Court's July 29 and September 9, 2026 Orders, Defendants respectfully submit this letter updating the Court on various issues and addressing Defendants' anticipated briefing regarding common issues raised by the Personal Injury Plaintiffs' complaints. Defendants do not believe there are any issues warranting tomorrow's conference but are happy to have one if the Court has any questions or issues it would like to discuss.

## I. Status of The Personal Injury Pleadings

The September 7, 2026 deadline for filing amended complaints has passed, and no additional complaints were filed in this Court by that deadline. A complaint was, however, recently filed in Los Angeles County Superior Court in the matter of *R.G. et al. v. ByHeart Inc., et al.*, Case No. 26TRCV02889.

It also appears that the currently filed pleadings do not encompass all presently known personal injury claims. Earlier this week, Plaintiffs' lead counsel, Mr. Marler, informally raised claims on behalf of two additional claimants. Before Defendants are required to brief issues purportedly common to all Plaintiffs, they respectfully suggest that Plaintiffs should file complaints asserting all claims presently known to Plaintiffs' Counsel. Establishing the operative universe of all known claims will allow the parties and the Court to identify which issues are in fact common across Plaintiffs and ensure more efficient briefing and case management.

## II. Retailer Defendants' Briefing Proposal

Mrs. Gooch's Natural Food Markets, Inc. (d/b/a Whole Foods Market), Amazon.com Services LLC, Target Corporation, and Walmart, Inc. (collectively, the "Retailer Defendants"),[1] respectfully submit this proposal for a supplemental briefing structure for responsive pleadings to

[1] Many of the cases Plaintiffs are pursuing against Amazon involve sales by third-party sellers, not Amazon. Amazon adopts the "retailer" designation here for the Court and parties' convenience, not as an admission regarding its role in the chain of distribution regarding the products at issue.

the Personal Injury Plaintiffs' complaints, as directed by the Court's July 29, 2026 Order (Dkt. No. 91).

The Court's Order directs that, by December 7, 2026, defendants shall submit briefing on any common issues raised by the Personal Injury Plaintiffs in their various complaints and expresses a preference that, to the extent possible, defendants collectively submit one main motion, with short supplemental briefing for any issues specific to an individual defendant. The Retailer Defendants respectfully submit the following:

While the Retailer Defendants are still reviewing the operative complaints including those filed recently, there is some variance in the allegations. Thus, common responsive motions as to certain issues may be impractical depending on the substance and extent of the variance. For example, some variances exist across the complaints with respect to the operative allegations that Plaintiffs assert trying to satisfy an exception(s) to a particular "innocent seller" statute(s) barring claims against non-manufacturing sellers. The substance and extent of the variances—and thus the Retailer Defendants' ability to consolidate briefing as to common issues—cannot be fully known until each Plaintiff has filed and/or amended their individual complaints. This proposed responsive pleading joint briefing structure is based on the Retailer Defendants' review to date of the personal injury complaints as currently pled. Should the Personal Injury Plaintiffs file new complaints, the feasibility of consolidated briefing may be further impacted. Accordingly, the Retailer Defendants support the request that Plaintiffs should be required to file complaints asserting all claims presently known to Plaintiffs' Counsel well in advance of the defendants' current December 7, 2026 deadline to file responsive pleadings.

Despite these challenges and limitations, in light of the Court's directive in the July 29, 2026 Order, the Retailer Defendants propose the following briefing structure, which we believe will promote efficiency where feasible in light of the varying complaints while ensuring that the Court has the benefit of full briefing on the distinct legal issues applicable to the Retailer Defendants.

The Retailer Defendants anticipate asserting, among other arguments, defenses available to them under applicable state "innocent seller" statutes. In at least some of the cases coordinated in this MDL, the Retailer Defendants intend to move to dismiss under Federal Rule of Civil Procedure 12(b)(6), including on the basis that these statutes bar claims against retailers who merely sell a product and do not participate in the design, manufacture, or production of the product. These statutes reflect a well-established legislative policy of shielding downstream sellers from liability where the manufacturer(s) are amenable to suit and enforcement of any judgments. Because the applicability and contours of these innocent seller statutes vary by state, the Retailer Defendants anticipate that joint supplemental briefing specific to the relevant jurisdictions will be necessary and more efficient than attempting to incorporate this analysis into a joint main brief. Furthermore, depending on the substance and extent of the variances in allegations between complaints, supplemental briefing may also be required to address particular allegations that are individual plaintiff-specific, individual retailer-specific, or both.

## III. Manufacturer Defendants' Briefing Proposal

ByHeart does not presently intend to file a motion to dismiss directed to issues common to all Personal Injury Plaintiffs.

Organic West proposes to file a Rule 12(b)(6) motion addressing legal issues that are common across the Personal Injury Plaintiffs' complaints but uniquely implicate Organic West's alleged role as an upstream supplier of raw milk and distributor of milk powder within the ByHeart supply chain—distinct from the manufacturing, formulation, marketing, and retail-sale allegations directed at other Defendants. Organic West also intends to file personal jurisdiction defenses that are not common to other Defendants. Consistent with the Court's preference for efficiency and coordinated briefing, Organic West will work cooperatively with the other defendants to avoid duplicative briefing and, to the fullest extent practicable, will incorporate or join arguments that overlap with issues being presented by other defendants.

DFA anticipates filing a common-issues motion to dismiss asserting DFA-specific arguments regarding personal jurisdiction and failure to state a claim that are not common to other Defendants. Specifically, DFA anticipates asserting, among other things, that: (i) the Court lacks personal jurisdiction over DFA because Plaintiffs' claims do not arise out of or relate to any contacts between DFA and those states; and (ii) Plaintiffs fail to state a claim against DFA because they do not (and cannot) plausibly allege that DFA, as a processor that did not sell any component of the relevant product, is subject to strict liability under applicable state laws, that DFA made any express or implied warranty, or that DFA owed or breached any duty. Given the number of jurisdictions and state laws involved, DFA respectfully requests leave to file an opening brief in support of its motion of no more than 12,000 words (and DFA has no objection to a commensurate word limit expansion for Plaintiffs' brief in response), and a reply brief of no more than 6,000 words.

## IV. Mediation Status

ByHeart is actively pursuing resolution of the personal injury cases through mediation and has committed substantial time, resources, and attention to those efforts. ByHeart and the Economic Loss Plaintiffs likewise remain actively engaged in settlement discussions with the mediator.

## V. Discovery

In light of the ongoing settlement efforts, ByHeart and the Retailer Defendants respectfully submit that general discovery should remain stayed pending resolution of the motions to dismiss. ByHeart is devoting its limited remaining resources to resolving claims and believes that, at this stage, those resources are best directed toward the settlement efforts that are already producing meaningful progress rather than broad document production, depositions, and other costly discovery before the pleadings and parties have been settled. ByHeart and the Retailer Defendants recognize that other entities may be differently situated or may have different views regarding the appropriate allocation of resources. But given the progress already achieved in mediation, requiring substantial merits discovery now risks diverting resources from

potential claimant recoveries without a corresponding case-management benefit before the Court resolves the anticipated motions.

Respectfully,

MUNGER, TOLLES & OLSON LLP

*/s/ Bethany W. Kristovich*

Bethany W. Kristovich
*Counsel for ByHeart, Inc.*

FAEGRE DRINKER BIDDLE & REATH LLP

*/s/ Alyssa L. Rebensdorf*

Alyssa L. Rebensdorf
*Counsel for Target Corporation*

NORTON ROSE FULBRIGHT US LLP

*/s/ Jeffrey A. Webb*

Jeffrey A. Webb
*Counsel for Walmart, Inc.*

MORRISON FOERSTER

*/s/ Kyle D. Cole*

Kyle D. Cole
*Counsel for Mrs. Gooch's Natural Food Markets, Inc., and Amazon.com, Inc.*

HOGAN LOVELLS US LLP

*/s/ Lauren C. Colton*

Lauren C. Colton
*Counsel for Dairy Farmers of America, Inc.*

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Savannah Caroline Cole*

Savannah Caroline Cole
*Counsel for Organic West Milk, Inc.*