**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: BYHEART, INC., INFANT FORMULA MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | 1:26-md-03178 (AS)<br><br>**~~[PROPOSED]~~ ORDER APPROVING DISPOSAL OF CERTAIN BYHEART INVENTORY** |

ARUN SUBRAMANIAN, U.S.D.J.

The Court enters the following order under Fed. R. Civ. P. 26(c)(1) in connection with the request of Defendant ByHeart, Inc. ("ByHeart") for relief from its obligation to preserve certain physical materials:

1. This Order supersedes and replaces in its entirety the Court's September 9, 2026 Order (ECF No. 103), which shall have no further force or effect.

2. In November 2025, in consultation with the United States Food and Drug Administration ("FDA"), ByHeart implemented a voluntary recall of its infant formula (the "Recall").

3. As part of the Recall, ByHeart halted all ongoing production of infant formula and ByHeart and its custodians preserved over 400,000 kilograms of raw material ingredients that were never distributed to sellers or stores, approximately 500 totes (each containing between several hundred and several thousand pounds) of bulk infant formula powder, and over 870,000 units of finished product (the "Inventory Products").

4. The cost and warehouse space required to store the Inventory Products are significant. ByHeart estimates it is incurring costs of over $100,000 per month to store all the Inventory Products.

5. ByHeart and its custodians also preserved over 425,000 cans, over 16,400 pouches, and nearly 2,000 Anywhere Stick Packs of ByHeart infant formula that were shipped to market and subsequently returned (the "Returned Products"). Much of this inventory is comprised of materials that were returned for non-recall-related reasons, such as damage or customer change of heart, and that were manufactured as early as 2023.

6. The continued retention of the Returned Products imposes a substantial burden on ByHeart and its custodians. ByHeart estimates it is incurring costs of approximately $145,000 per month to store the Returned Products, meaning that annual storage costs exceed $1 million.

7. ByHeart has provided the Parties an opportunity to sample the Inventory Products and the Returned Products.

8. ByHeart maintains and intends to continue preserving existing samples of product taken in the ordinary course of production. ByHeart maintains sample retains from each tote of bulk infant formula described above. It also maintains 4 cans of finished formula for each lot of ByHeart infant formula that was commercially distributed and that, at the time of the recall, was within 1 year of expiration (together with the tote retains, the "Sample Products"). ByHeart intends to preserve the Sample Products and will not destroy them.

9. For good cause shown, the Court orders as follows:

(a) ByHeart may, at its sole direction and timing and in compliance with applicable laws and regulations, destroy the Inventory Products and Returned Products.

(b) ByHeart is ordered to preserve and not destroy the Sample Products.

(c) ByHeart's destruction of the Inventory Products and Returned Products consistent with this Order does not constitute spoliation of evidence or a loss of evidence that ByHeart is obligated to preserve. Any disposal undertaken in compliance with this Order shall be deemed reasonable preservation under the circumstances.

10. This Order shall not limit, abridge, or alter any obligation ByHeart may have with respect to preservation of any other evidence or material subject to preservation.

**SO ORDERED.**

ARUN SUBRAMANIAN, U.S.D.J.

Dated: New York, New York
October 5, 2026