MARLER CLARK
THE FOOD SAFETY LAW FIRM

**MARLER CLARK INC., PS** | 180 Olympic Dr S.E., Bainbridge Island, WA 98110
**TEL** 1.206.346.1888 | **FAX** 1.206.346.1898 | marler@marlerclark.com | www.marlerclark.com

**WILLIAM D. MARLER, ESQ.**
**Writer's Direct Line:**
**(206) 346-1890**
**bmarler@marlerclark.com**

November 2, 2026

**VIA ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *In re: ByHeart, Inc., Infant Formula Marketing, Sales Practices, and Products Liability Litigation*, Case No. 1:26-md-03178-AS

Dear Judge Subramanian:

The Personal Injury Plaintiffs respectfully submit this letter motion requesting that the Court enter an order permitting unfiled personal injury claims to be filed directly in this MDL or, in the alternative, that the Court set a status conference to address direct filing.

Direct filing is routine in multidistrict litigation. *See Looper v. Cook Inc.*, 20 F.4th 387, 390–91 (7th Cir. 2021). Absent a direct filing order, each new plaintiff must file in a home district, wait for the Judicial Panel on Multidistrict Litigation to issue a conditional transfer order under Panel Rule 7.1, and then wait again for the transfer to become final before the case reaches this Court. A direct-filing order removes those steps, saving all parties' time and resources.

Direct filing also changes nothing of substance. Consistent with the practice in other MDLs, the Personal Injury Plaintiffs propose that direct filing in this District is for administrative purposes only and that a directly filed complaint will be treated as if it had been filed in the district where venue would otherwise be proper, that the law of that district governs choice-of-law questions, and that upon completion of pretrial proceedings the case will be transferred to that district. *See In re GM LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 LX 59765, at *357–58 (S.D.N.Y. Aug. 3, 2017) (observing that "the majority of courts 'have stated that it is appropriate to apply the choice-of-law rules of the 'originating' jurisdiction (*i.e.*, where the case would have [been] brought but for the CMO permitting direct filing), rather than the choice-of-law rules of the MDL Court'" (quoting *Wahl v. Gen. Elec. Co.*, 983 F. Supp. 2d 937, 943 (M.D. Tenn. 2013))). The Personal Injury Plaintiffs propose that each directly filed complaint will identify the district in which the plaintiff would otherwise have filed.

The Personal Injury Plaintiffs have attempted to meet and confer with all parties. Defendants ByHeart, Organic West, Walmart, Amazon, and Mrs. Gooch's Natural Markets have

consented to the entry of a direct file order. Defendant Target has not provided its position to the Personal Injury Plaintiffs. Defendant Dairy Farmers of America ("DFA") has indicated that it will not consent to direct filing for "jurisdictional reasons." Personal Injury Plaintiffs will stipulate that direct filing does not waive or impact its jurisdictional defenses such that DFA will remain free to raise any defense or objection based on jurisdiction.

The Personal Injury Plaintiffs therefore request that the Court permit the direct filing of personal injury complaints in this MDL, with DFA's jurisdictional defenses preserved as set out above. If the Court would prefer to hear from the parties first, the Personal Injury Plaintiffs request that the Court set a status conference at its earliest convenience.

We thank the Court for its attention to this matter.

Respectfully submitted,



William D. Marler
*Lead Counsel for Personal Injury Plaintiffs*