HOGAN LOVELLS CADWALADER

Hogan Lovells Cadwalader US LLP
100 International Drive
Suite 2000
Baltimore, MD 21202

T +1 410 659 2700
F +1 410 659 2701
www.hlc.com

November 2, 2026

**By ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:** ***In re: ByHeart, Inc., Infant Formula Marketing, Sales Practices, and Products Liability Litigation*****, Case No. 1:26-md-03178-AS – Response to Personal Injury Plaintiffs' Letter Regarding Direct Filing**

Dear Judge Subramanian:

Defendant Dairy Farmers of America, Inc. ("DFA") respectfully submits this letter in response to the Personal Injury Plaintiffs' letter filed on November 2, 2026, requesting that the Court enter an order permitting unfiled personal injury claims to be filed directly in this MDL. (ECF No. 110). DFA cannot consent to Plaintiffs' direct-filing proposal for several reasons, including that DFA is not willing to waive its objections to personal jurisdiction and venue with respect to the underlying cases.

While Plaintiffs present direct filing as a routine procedure designed to promote judicial efficiency and reduce delay, DFA respectfully submits that the practice is not as straightforward as they suggest. Contrary to Plaintiffs' contention that "[d]irect filing changes nothing of substance," the very case they rely upon in their letter recognizes that "[d]irect filing can bring its own complications and potential pitfalls." *Looper v. Cook Inc.*, 20 F.4th 387, 391 (7th Cir. 2021). Those "pitfalls" include, among others, lack of personal jurisdiction in cases that are not transferred through the statutory mechanism provided under 28 U.S.C. § 1407, absence of a home court for remand, choice of law, and venue. *See id.* Plaintiffs have not submitted a proposed order with their request and, in any event, many of these concerns cannot be fully addressed or mitigated even through a carefully crafted direct-filing order.

The most important concern from DFA's perspective is this Court's lack of personal jurisdiction over non-resident defendants with respect to claims that have nothing to do with this forum. While 28 U.S.C. § 1407 grants an MDL court authority to oversee cases for pretrial purposes that are properly transferred from other districts through the JPML process, a case that cannot otherwise be brought in the MDL court due to lack of personal jurisdiction may be directly filed there only with the defendant's express consent. *See, e.g.,* Scott Dodson, *Plaintiff Personal Jurisdiction and Venue Transfer*, 117 Mich. L. Rev. 1463, 1475 (2019) ("[P]laintiffs

cannot file directly in the MDL court if the MDL court would lack personal jurisdiction over the defendant under Rule 4(k), unless the defendant consents."); Andrew D. Bradt & D. Theodore Rave, *Aggregation on Defendants' Terms: Bristol-Myers Squibb and the Federalization of Mass-Tort Litigation*, 59 B.C. L. Rev. 1251, 1298 (2018) ("[A]bsent consent by the defendant, a plaintiff may not simply file a case directly into an MDL unless the MDL district has jurisdiction."); Andrew D. Bradt, *The Shortest Distance: Direct Filing and Choice of Law in Multidistrict Litigation*, 88 Notre Dame L. Rev. 759, 797 (2012) ("Despite these efficiencies, direct filing is not automatically available because defendants must agree to the practice."); Eldon E. Fallon et al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2358 (2008) ("For cases filed directly into the MDL by nonresident plaintiffs, the defendant ... must waive its sustainable venue and venue-related objections."); *cf. Looper*, 20 F.4th at 394 ("*Lexecon* stands as a stark reminder that practices that MDL transferee judges adopt for sound, practical reasons are not always legally permissible, at least without the parties' consent.").

Courts in other jurisdictions have held or suggested that consent to a direct filing order could be construed as a waiver, and that MDL courts lack authority to exercise jurisdiction over a non-resident defendant in a direct-filed case absent a waiver. *See In re DuPuy Orthopaedics, Inc.*, 870 F.3d 345, 356 (5th Cir. 2017) (Jones, J., concurring) ("But for the possibility of a 'global waiver' of personal jurisdiction, the [MDL court] had no claim to personal jurisdiction over the cases: none of the plaintiffs' surgeries occurred in Texas; the plaintiffs aren't Texas residents; and neither general nor specific jurisdiction exists over the petitioners for purposes of these disputes."); *id.* at 351 (overturning MDL court ruling that defendants "had globally and permanently waived their objections to venue and personal jurisdiction" by agreeing to bellwether trials of two direct-filed cases); *Looper*, 20 F.4th at 391 ("Yet despite the limits on a transferee court's coercive powers, the issues affected by direct filing—personal jurisdiction, venue, and choice of law—are waivable."). DFA is not aware of any controlling authority in this jurisdiction on whether consent to direct filing could be construed as a waiver of personal jurisdiction defenses or whether this Court has the authority to order direct filing absent a waiver. DFA is not willing to take the risk.

Putting aside the jurisdictional question, one of the primary complications with Plaintiffs' proposal arises from the structure of the direct-filing procedure itself. While the default method for cases transferred into the MDL through the standard JPML process is remand to the transferor court after pretrial proceedings, that mechanism is not available for direct-filed cases because there is no transferor court to which the case can be remanded. This concept is illustrated in *In re Philips Recalled CPAB, Bi-Level PAP, and Mechanical Ventilator Products Litigation*, in a section titled: "Unintended consequences arising from directly filed cases." 781 F. Supp. 3d 353, 377-79 (W.D. Pa. 2025). There, the court explains that, despite a pretrial order that provided in part that directly filed cases "shall identify the federal court in which the action would have otherwise been filed, which shall be the presumptive place of remand," the option to remand was ultimately not available "[b]ecause there was no case pending in the other district[.]" *Id.* at 378 (citation modified). The only mechanism available was transfer under 28 U.S.C. § 1404(a). *Id.* The court determined that "the stubborn fact remains that the different district is not a home court to which that case can be remanded. . . . At best, this court could transfer such a direct filed case to another district; provided, that it has the authority to do so under § 1404." *Id.* at 378-79. However, transfer under § 1404 raises other "thorny" issues, including "venue issues and concerns about the need to comply with the strictures of the transfer statute[.]" *Id.* at 379.

Plaintiffs propose that they will unilaterally identify the venue in which they claim they otherwise would have filed in their complaints, but transfer to those designated venues may not be available under Section 1404, and DFA (and presumably the other Defendants) will not prospectively consent to transfer to any venue Plaintiffs may choose.

The structural issues identified above pertaining to remand under 28 U.S.C. § 1407(a) and transfer under § 1404 also present challenging choice-of-law questions for directly filed cases. Because a directly filed case is not first filed in another district and transferred to the MDL, there is no transferor court whose choice-of-law rules provide the same readily identifiable starting point. This structural complication presents uncertainty about which state's law applies, and DFA will not prospectively agree to Plaintiffs' proposal to simply apply the choice-of-law rules of whatever forum they choose to designate in their complaints.

For all of these reasons, DFA cannot consent to Plaintiffs' request for a direct-filing order. If the Court is nonetheless inclined to grant the request, DFA respectfully requests that the Court direct Plaintiffs to submit a proposed direct-filing order for consideration by the Court and the other parties before authorizing the procedure.

If the Court permits direct filing without first affording the parties an opportunity to consider a proposed order, DFA expressly reserves all rights, defenses, and objections that may be implicated by direct filing, including, without limitation, those relating to personal jurisdiction, venue, choice of law, service of process, statutes of limitations, and the appropriate procedure for remand or transfer. DFA's participation in proceedings in this MDL should not be construed as a waiver of any such right, defense, or objection. DFA further reserves the right to raise any additional legal or procedural issues arising from, or affected by, the direct filing of any action in this MDL. DFA respectfully requests that any order permitting direct filing expressly preserve all objections, including any objections under *Lexecon* or otherwise relating to venue or any other pertinent issue, and provide defendants an opportunity to raise and obtain resolution of such objections before any action is transferred or remanded for trial at the conclusion of pretrial proceedings.

Respectfully submitted,

*/s/ Lauren S. Colton*

Lauren S. Colton (Lead Counsel)
Marc A. Marinaccio
**HOGAN LOVELLS CADWALADER US LLP**
100 International Drive
Suite 2000
Baltimore, Maryland 21202
T: (410) 659-2700
F: (410) 659-2701
Email: lauren.colton@hlc.com
Email: marc.marinaccio@hlc.com

Benjamin A. Fleming
**HOGAN LOVELLS CADWALADER US LLP**
200 Liberty Street
New York, New York 10281
T: (212) 918-3283
F: (212) 918-3100
Email: benjamin.fleming@hlc.com

*Attorneys for Defendant Dairy Farmers of America, Inc.*

cc: All counsel of record