UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE: BYHEART, INC., INFANT FORMULA MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**<br><br>This Document Relates To:<br>All Personal Injury Actions | Case No. 1:26-md-03178-AS<br><br>**[PROPOSED] ORDER RE: DIRECT FILING OF PERSONAL INJURY ACTIONS** |

## I. SCOPE AND BASIS OF THIS ORDER

1. This Order governs every personal injury action brought by or on behalf of a plaintiff that is filed directly in the United States District Court for the Southern District of New York as a member case of MDL No. 3178 after the date of this Order (a "Directly Filed Action"). It does not govern actions transferred to this Court by the Judicial Panel on Multidistrict Litigation (the "Panel") or actions originally filed in this District by plaintiffs who designate this District as their Original Venue under Paragraph 6.

## II. DIRECT FILING PERMITTED

2. To eliminate the delay and expense associated with the transfer to this Court of actions filed in or removed to other federal district courts, any plaintiff whose personal injury action would be subject to transfer to MDL No. 3178 as a tag-along action may file that action directly in this District as a member case of the MDL. Direct filing is permissive, and nothing in this Order requires any plaintiff to file in this District, prohibits any plaintiff from filing in another court of proper venue and jurisdiction and noticing the action as a potential tag-along action, or limits any party's right to oppose a conditional transfer order before the Panel.

3. The direct filing of an action under this Order is solely for the purpose of coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407, consistent with the Panel's Transfer Order of April 2, 2026. Each Directly Filed Action becomes a member case of

this MDL for pretrial proceedings only. The Court will not conduct the trial of any Directly Filed Action unless all parties to that action file a written stipulation expressly waiving, for that action, their rights under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), and consenting to trial in this District.

4. A Directly Filed Action shall be commenced by filing a complaint as a new civil action in this District, paying the standard filing fee, and submitting a civil cover sheet that identifies the action as related to MDL No. 3178.

5. A Directly Filed Action shall name no more than one injured plaintiff, except that it may include the parents or guardians of a minor plaintiff, a plaintiff asserting a derivative or consortium claim, and, in a wrongful death action, the personal representative of the estate and any statutory beneficiaries, as permitted by applicable law.

6. Each Directly Filed Action shall designate an Original Venue. The Original Venue is the federal district in which the plaintiff would have filed the action absent this Order. The complaint shall plead the basis for this Court's subject-matter jurisdiction, including the citizenship of each party and the amount in controversy, shall plead facts supporting venue and personal jurisdiction over each named Defendant in the Original Venue, and shall contain the following as its first paragraph:

> Plaintiff files this Complaint pursuant to the Order Re: Direct Filing of Personal Injury Actions and is bound by its terms. In accordance with that Order, Plaintiff designates the United States District Court for the __________ District of __________ as the Original Venue, that is, the federal district in which this action would have been filed absent that Order. Plaintiff alleges that venue is proper in the Original Venue under 28 U.S.C. § 1391 and that each Defendant named in this Complaint is subject to personal jurisdiction there with respect to this action, on the following basis (check all that apply and complete each blank):
>
> ☐ Plaintiff resides in __________ (city, state), within the Original Venue.

☐ The infant on whose behalf this action is brought was fed the ByHeart formula at issue and became ill in __________ (city, state), within the Original Venue.

☐ The Original Venue is a judicial district in which Defendant __________ resides, and all Defendants are residents of the State in which that district is located. 28 U.S.C. § 1391(b)(1).

☐ The Original Venue is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, specifically: __________. 28 U.S.C. § 1391(b)(2).

☐ There is no district in which this action may otherwise be brought, and the Original Venue is a judicial district in which Defendant __________ is subject to personal jurisdiction with respect to this action. 28 U.S.C. § 1391(b)(3).

☐ Other basis (explain): __________.

Plaintiff identifies the following alternative Original Venue(s), in order of preference, for the Court's consideration in the event an objection to the designation above is sustained: __________.

7. A plaintiff's designation of an Original Venue is a pleading allegation. It shall not, standing alone, constitute a determination by this Court that jurisdiction or venue is proper in the Original Venue, and it is subject to objection under Section IV.

## III. NO WAIVER; NO EXPANSION OF JURISDICTION

8. Nothing in this Order expands the personal jurisdiction of this Court over any Defendant, confers jurisdiction on this Court or on any other court, or constitutes a determination by this Court that personal jurisdiction over any Defendant exists, or that venue is proper, in this District or in any Original Venue.

9. Neither this Order, nor the direct filing of any action under it, nor any Defendant's acceptance or waiver of service of process, response to a Directly Filed Action, or participation in pretrial proceedings in this MDL shall operate as, or be construed as, a waiver of, or acquiescence in, any of the following, each of which is specifically preserved for every Defendant in every Directly Filed Action:

(a) lack of personal jurisdiction, whether in this District, in any Original Venue, or in any other district;

(b) improper venue;

(c) forum non conveniens;

(d) insufficient process or insufficient service of process;

(e) the requirements of 28 U.S.C. § 1407(a) and the rights recognized in *Lexecon*, including the right to have any trial conducted in a court of proper venue and jurisdiction;

(f) any argument concerning choice of law, statutes of limitations, or statutes of repose; and

(g) any other defense, right, or objection, whether or not listed above, that a Defendant could assert had the action been filed in the Original Venue and transferred to this Court under 28 U.S.C. § 1407.

10. A waiver of any defense, right, or objection described in Paragraph 9 may be made only by a written stipulation signed on behalf of the waiving party and filed in the specific Directly Filed Action to which it applies. This Order is not such a stipulation, and no such waiver shall be inferred from this Order or from conduct consistent with it. By seeking entry of this Order and/or by filing a Directly Filed Action pursuant to this Order, Plaintiffs expressly waive and agree that they will not argue, in this MDL, any Directly Filed Action, any appeal, or any other proceeding, that this Order or any Defendant's acceptance or waiver of service, response to a Directly Filed Action, or participation in pretrial proceedings constitutes a waiver or forfeiture of any defense, right, or objection described in Paragraph 9.

11. This Court shall not be deemed to be the "transferor court" for any Directly Filed Action, and no Original Venue shall be deemed a "transferor court" within the meaning of 28

U.S.C. § 1407(a), by virtue of this Order. Directly Filed Actions will not be "remanded"; they will be transferred as provided in Section V.

## IV. OBJECTIONS TO INCLUSION, TO THE ORIGINAL VENUE, AND TO JURISDICTION

12. Any Defendant named in a Directly Filed Action may object, by letter motion filed within 21 days after the action is listed as a member case or after that Defendant is served, whichever is later, to the inclusion of the action in this MDL on the ground that it is not within the scope of the Panel's Transfer Order. The plaintiff may respond within 7 days. If the Court sustains the objection, the plaintiff shall have 21 days to file the action in another court; the Court will address at that time any request concerning the date of filing for limitations purposes.

13. Any Defendant may object to a plaintiff's designation of the Original Venue by letter motion filed within 30 days after the action is listed as a member case or after that Defendant is served, whichever is later, and thereafter for good cause shown, but in no event later than the close of fact discovery in that action. The plaintiff may respond within 14 days and may propose alternative Original Venues in order of preference. The Court will resolve every objection to an Original Venue designation before transferring the action under Section V, and may direct the plaintiff to designate a different district in which the action might have been brought.

14. Any Defendant may move to dismiss a Directly Filed Action for lack of personal jurisdiction or improper venue. To avoid repetitive motions, a Defendant that intends to contest personal jurisdiction in Directly Filed Actions may file a single omnibus motion, on a schedule to be set by the Court after consultation with the parties, which shall be deemed to apply to every Directly Filed Action filed after the date of this Order in which that Defendant is or is later

named, without further filing, unless the Defendant or the plaintiff in a particular action shows that different facts require separate treatment. The Court will construe such a motion as objecting to personal jurisdiction in each Original Venue designated in the actions to which it applies and, if the moving Defendant so requests, in this District as well.

15. If the Court determines that it lacks personal jurisdiction over a Defendant in a Directly Filed Action, or that venue in this District is improper as to a Defendant, the Court will, if it finds that doing so is in the interest of justice, transfer the action under 28 U.S.C. § 1406(a) or § 1631 to the Original Venue or to another district in which the action could have been brought, rather than dismiss it. Any such transfer is without prejudice to the transferred action's subsequent transfer to this MDL under Panel Rule 7.1 and to the Defendant's right to renew in the transferee court any objection preserved by this Order, including but not limited to any defenses based on lack of personal jurisdiction in the transferor court.

## V. TRANSFER AT THE CONCLUSION OF PRETRIAL PROCEEDINGS

16. Upon completion of all pretrial proceedings applicable to a Directly Filed Action, or at such earlier time as the Court deems appropriate, the Court will transfer the action under 28 U.S.C. § 1404(a) to the Original Venue as finally determined under Section IV, unless (a) all parties to the action jointly request transfer to another district in which venue is proper and personal jurisdiction over each Defendant exists, or (b) all parties to the action have filed the written stipulation described in Paragraph 3 consenting to trial in this District. Before transferring any Directly Filed Action, the Court will afford the parties an opportunity to be heard on any unresolved objection to the Original Venue and will resolve it.

17. Transfer under this Section will be made only to a district in which the action "might have been brought" within the meaning of 28 U.S.C. § 1404(a) or to which all parties to

the action have consented. Nothing in this Order constitutes any party's consent, for purposes of § 1404(a) or otherwise, to transfer to any district.

18. Nothing in this Order precludes any party from moving at any time for transfer of a Directly Filed Action under 28 U.S.C. § 1404(a) or § 1406(a), or from opposing such a motion.

## VI. CHOICE OF LAW, SERVICE, AND RESPONSES

19. The direct filing of an action under this Order shall have no effect on the choice of law, including the choice-of-law rules and the statutes of limitations and repose, that would apply had the action been filed in the Original Venue and transferred to this Court under 28 U.S.C. § 1407. The Court will determine choice-of-law questions in a Directly Filed Action as if the action had been filed in the Original Venue, as finally determined under Section IV, and transferred to this Court. All parties' arguments concerning choice of law are reserved and may be presented at the time the Court sets for addressing them.

20. Service on each Defendant in a Directly Filed Action shall be made in accordance with Fed. R. Civ. P. 4, including by request for waiver under Rule 4(d), unless that Defendant has agreed in writing to accept service by another means. Acceptance or waiver of service shall not constitute an appearance or a waiver of any defense. References in this Order to "Defendants" do not constitute an appearance by or for any Defendant that is not named in a particular action or that has not been properly served.

21. No Defendant need move, answer, or otherwise respond to a Directly Filed Action filed after the date of this Order until a date set by further order of the Court.

## VII. GENERAL PROVISIONS

22. Every Directly Filed Action and every party to it is bound by this Order and by all other orders entered in MDL No. 3178, including orders entered before the action was filed.

23. Any party may apply to the Court for modification of this Order, and the Court may modify it on its own motion after notice to the parties.

SO ORDERED.

__________________________________

ARUN SUBRAMANIAN
United States District Judge